## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| STEVEN JENKINS, *et al.*, for themselves and as representatives of a class of similarly situated persons,<br><br>　　　　　　　Plaintiffs,<br>　　　　v.<br><br>THE UNITED STATES OF AMERICA,<br><br>　　　　　　　Defendant. | ）<br>）　Case No. 09-241L<br>）<br>）<br>）　Judge Nancy B. Firestone<br>）<br>）　*Electronically filed on July 1, 2011*<br>）<br>）<br>）<br>）<br>）<br>） |

## PLAINTIFFS' PROPOSED FINDINGS OF UNCONTROVERTED FACTS
## FOR PARTIAL MOTION FOR SUMMARY JUDGMENT

Pursuant to RCFC 56(C)(2), Plaintiffs submit their Proposed Findings of Uncontroverted Facts in Support of their Motion for Partial Summary Judgment on Liability for their causes of action against the U.S. Government for taking the Plaintiffs' property without just compensation, by operation of the Trails Act (16 U.S.C. § 1241), in violation of the Fifth Amendment to the United States Constitution. For their Proposed Findings of Uncontroverted Facts, Plaintiffs state as follows:

1. Plaintiffs subject to this Partial Motion for Summary Judgment are 87 individuals who owned 144 parcels land on the date of the STB's issuance of the NITU on October 25, 2004 along the Railroad Line. See Deeds for each plaintiff, attached hereto as Exhibits 1 through 111.

2. Plaintiff Sanemah Enterprises Inc., c/o Sam Heir, acquired the property on December 26, 1978 by those deeds recorded in the Dallas County Recorder of Deeds at Book 556, Page 474. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the

Trails Act) for an interim public access trail and possible future railroad activation. Plaintiff was fee owner of this property, identified as Parcel Identification No. 1229400013, on the October 25, 2004 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 1.

3.  Plaintiff Petersen, LLC, c/o Rich Petersen, acquired the property on December 10, 1998 by those deeds recorded in the Dallas County Recorder of Deeds at Book 1998, Page 13216. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiff was fee owner of this property, identified as Parcel Identification No. 1229400007, on the October 25, 2004 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 2B.

4.  Plaintiff Petersen, LLC, c/o Rich Petersen, acquired the property on December 10, 1998 by those deeds recorded in the Dallas County Recorder of Deeds at Book 1998, Page 13216. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiff was fee owner of this property, identified as Parcel Identification No. 1229200004, on the October 25, 2004 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 2C.

5.  Plaintiff Petersen, LLC, c/o Rich Petersen, acquired the property on December 10, 1998 by those deeds recorded in the Dallas County Recorder of Deeds at Book 1998, Page 13216. Plaintiff's property abuts and adjoins the abandoned right-of-

2

way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiff was fee owner of this property, identified as Parcel Identification No. 1229100004, on the October 25, 2004 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 2D.

6.    Plaintiff Petersen, LLC, c/o Rich Petersen, acquired the property on December 10, 1998 by those deeds recorded in the Dallas County Recorder of Deeds at Book 1998, Page 13216. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiff was fee owner of this property, identified as Parcel Identification No. 1229100002, on the October 25, 2004 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 2E.

7.    Plaintiff William Fox Farm Company acquired the property on November 1, 1983 by those deeds recorded in the Dallas County Recorder of Deeds at Book 607, Page 491. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiff was fee owner of this property, identified as Parcel Identification No. 1229100005, on the October 25, 2004 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 4A.

8.    Plaintiff William Fox Farm Company acquired the property on November 1, 1983 by those deeds recorded in the Dallas County Recorder of Deeds at Book 607, Page

491.  Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiff was fee owner of this property, identified as Parcel Identification No. 1229100001, on the October 25, 2004 NITU date.  A copy of the deed and assessor's parcel report are attached as Exhibit 4C.

9.    Plaintiff William Fox Farm Company acquired the property on November 1, 1983 by those deeds recorded in the Dallas County Recorder of Deeds at Book 607, Page 491.  Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiff was fee owner of this property, identified as Parcel Identification No. 1219400003, on the October 25, 2004 NITU date.  A copy of the deed and assessor's parcel report are attached as Exhibit 4E.

10.   Plaintiff William Fox Farm Company acquired the property on November 1, 1983 by those deeds recorded in the Dallas County Recorder of Deeds at Book 607, Page 491.  Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiff was fee owner of this property, identified as Parcel Identification No. 1219200005, on the October 25, 2004 NITU date.  A copy of the deed and assessor's parcel report are attached as Exhibit 4F.

11.     Plaintiff Bruce Kuehl acquired the property on January 16, 1992 by those deeds recorded in the Dallas County Recorder of Deeds at Book 709, Page 238. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiff was fee owner of this property, identified as Parcel Identification No. 1219400006, on the October 25, 2004 NITU date.  A copy of the deed and assessor's parcel report are attached as Exhibit 5B.

12.     Plaintiff Bruce Kuehl acquired the property on January 16, 1992 by those deeds recorded in the Dallas County Recorder of Deeds at Book 709, Page 238. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiff was fee owner of this property, identified as Parcel Identification No. 1219400002, on the October 25, 2004 NITU date.  A copy of the deed and assessor's parcel report are attached as Exhibit 5C.

13.     Plaintiff Bruce Kuehl acquired the property on January 16, 1992 by those deeds recorded in the Dallas County Recorder of Deeds at Book 709, Page 238. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiff was fee owner of this property, identified as Parcel Identification No. 1219200003, on the October

25, 2004 NITU date.  A copy of the deed and assessor's parcel report are attached as Exhibit 5E.

14.     Plaintiff Harold Morris acquired the property on October 10, 1995 by those deeds recorded in the Dallas County Recorder of Deeds at Book 797, Page 413, Book 797, Page 413 and Book 2006, Page 8924.  Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiff was fee owner of this property, identified as Parcel Identification No. 1219200001, on the October 25, 2004 NITU date.  A copy of the deeds and assessor's parcel report are attached as Exhibit 6.

15.     Plaintiffs Thomas G. Barrett, Mark D. Barrett and Dan W. Barrett acquired the property on June 29, 1971 by those deeds recorded in the Dallas County Recorder of Deeds at Book 488, Page 138.  Plaintiffs' property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiffs were fee owners of this property, identified as Parcel Identification No. 1218300003, on the October 25, 2004 NITU date.  A copy of the deed and assessor's parcel report are attached as Exhibit 9.

16.     Plaintiff Shattuck Corporation, c/o Tom Shattuck, acquired the property on March 31, 1999 by those deeds recorded in the Dallas County Recorder of Deeds at Book 1999, Page 3900.  Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiff was

fee owner of this property, identified as Parcel Identification No. 1218300001, on the October 25, 2004 NITU date.  A copy of the deed and assessor's parcel report are attached as Exhibit 10A.

17.   Plaintiff Shattuck Corporation, c/o Tom Shattuck, acquired the property on March 31, 1999 by those deeds recorded in the Dallas County Recorder of Deeds at Book 1999, Page 3900.  Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiff was fee owner of this property, identified as Parcel Identification No. 1218300002, on the October 25, 2004 NITU date.  A copy of the deed and assessor's parcel report are attached as Exhibit 10B.

18.   Plaintiff Shattuck Corporation, c/o Tom Shattuck, acquired the property on March 31, 1999 by those deeds recorded in the Dallas County Recorder of Deeds at Book 1999, Page 3900.  Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiff was fee owner of this property, identified as Parcel Identification No. 1218100004, on the October 25, 2004 NITU date.  A copy of the deed and assessor's parcel report are attached as Exhibit 10C.

19.   Plaintiff Francis G. Bestenlehner acquired the property on July 30, 1955 by those deeds recorded in the Dallas County Recorder of Deeds at Book 402, Page 433 and Book 529, Page 511.  Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act)

for an interim public access trail and possible future railroad activation.  Plaintiff was fee owner of this property, identified as Parcel Identification No. 1113200007, on the October 25, 2004 NITU date.  A copy of the deeds and assessor's parcel report are attached as Exhibit 11A.

20.     Plaintiff Bestenlehner Trust, c/o Francis G. Bestenlehner, acquired the property on August 17, 2001 by those deeds recorded in the Dallas County Recorder of Deeds at Book 2001, Page 9911.  Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiff was fee owner of this property, identified as Parcel Identification No. 1113200004, on the October 25, 2004 NITU date.   A copy of the deed and assessor's parcel report are attached as Exhibit 11B.

21.     Plaintiff Francis G. Bestenlehner acquired the property on July 30, 1955 by those deeds recorded in the Dallas County Recorder of Deeds at Book 402, Page 433 and Book 529, Page 511.  Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiff was fee owner of this property, identified as Parcel Identification No. 1113200002, on the October 25, 2004 NITU date.   A copy of the deeds and assessor's parcel report are attached as Exhibit 11C.

22.     Plaintiff Rhinehart Farms Inc., c/o Charles Rhinehart, acquired the property on June 20, 1930 by those deeds recorded in the Dallas County Recorder of Deeds at Book 295, Page 307.  Plaintiff's property abuts and adjoins the abandoned right-of-way

8

that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiff was fee owner of this property, identified as Parcel Identification No. 1112400003, on the October 25, 2004 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 13A.

23.   Plaintiff Rhinehart Farms Inc., c/o Charles Rhinehart, acquired the property on June 20, 1930 by those deeds recorded in the Dallas County Recorder of Deeds at Book 295, Page 307. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiff was fee owner of this property, identified as Parcel Identification No. 1112300002, on the October 25, 2004 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 13B.

24.   Plaintiff Eby Land Company, c/o William and Karen Eby, acquired the property on December 26, 1989 by those deeds recorded in the Dallas County Recorder of Deeds at Book 678, Page 525. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiff was fee owner of this property, identified as Parcel Identification No. 1112100007, on the October 25, 2004 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 14A.

25.   Plaintiff Eby Land Company, c/o William and Karen Eby, acquired the property on December 26, 1989 by those deeds recorded in the Dallas County Recorder of

9

Deeds at Book 678, Page 525.  Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiff was fee owner of this property, identified as Parcel Identification No. 1112100005, on the October 25, 2004 NITU date.   A copy of the deed and assessor's parcel report are attached as Exhibit 14B.

26.     Plaintiff Eby Land Company, c/o William and Karen Eby, acquired the property on December 26, 1989 by those deeds recorded in the Dallas County Recorder of Deeds at Book 678, Page 525.  Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiff was fee owner of this property, identified as Parcel Identification No. 1112100001, on the October 25, 2004 NITU date.   A copy of the deed and assessor's parcel report are attached as Exhibit 14C.

27.     Plaintiff City of Dallas Center, c/o Ralph Brown, acquired the property on May 16, 1985 by those deeds recorded in the Dallas County Recorder of Deeds at Book 1998, Page 10464.  Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiff was fee owner of this property, identified as Parcel Identification No. 1112100003, on the October 25, 2004 NITU date.  A copy of the deed and assessor's parcel report are attached as Exhibit 15A.

28.     Plaintiff City of Dallas Center, c/o Ralph Brown, acquired the property on October

        22, 1985 by those deeds recorded in the Dallas County Recorder of Deeds at Book

        627, Page 635.  Plaintiff's property abuts and adjoins the abandoned right-of-way

        that is now subject to the easements (created by the operation of the Trails Act) for

        an interim public access trail and possible future railroad activation.  Plaintiff was

        fee owner of this property, identified as Parcel Identification No. 1102265001, on

        the October 25, 2004 NITU date.  A copy of the deed and assessor's parcel report

        are attached as Exhibit 15B.

29.     Plaintiff City of Dallas Center, c/o Ralph Brown, acquired the property on April 21,

        1987 by those deeds recorded in the Dallas County Recorder of Deeds at Book 644,

        Page 226.  Plaintiff's property abuts and adjoins the abandoned right-of-way that is

        now subject to the easements (created by the operation of the Trails Act) for an

        interim public access trail and possible future railroad activation.  Plaintiff was fee

        owner of this property, identified as Parcel Identification No. 1102260001, on the

        October 25, 2004 NITU date.  A copy of the deed and assessor's parcel report are

        attached as Exhibit 15C.

30.     Plaintiff City of Dallas Center, c/o Ralph Brown, acquired the property on October

        1, 1965 by those deeds recorded in the Dallas County Recorder of Deeds at Book

        442, Page 460.  Plaintiff's property abuts and adjoins the abandoned right-of-way

        that is now subject to the easements (created by the operation of the Trails Act) for

        an interim public access trail and possible future railroad activation.  Plaintiff was

        fee owner of this property, identified as Parcel Identification No. 1102180001, on

1040112v.1

the October 25, 2004 NITU date.  A copy of the deed and assessor's parcel report are attached as Exhibit 15D.

31.     Plaintiff City of Dallas Center, c/o Ralph Brown, acquired the property on August 16, 1960 by those deeds recorded in the Dallas County Recorder of Deeds at Book 428, Page 602.  Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiff was fee owner of this property, identified as Parcel Identification No. 1102127001, on the October 25, 2004 NITU date.  A copy of the deed and assessor's parcel report are attached as Exhibit 15E.

32.     Plaintiff Wilma J. Pollard acquired the property on February 26, 1987 by those deeds recorded in the Dallas County Recorder of Deeds at Book 783, Page 260, and Book 644, Page 10.  Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiff was fee owner of this property, identified as Parcel Identification No. 1102476003, on the October 25, 2004 NITU date.  A copy of the deeds and assessor's parcel report are attached as Exhibit 16.

33.     Plaintiff John William Barton acquired the property on July 15, 1996 by those deeds recorded in the Dallas County Recorder of Deeds at Book 815, Page 120 and Book 2005, Page 2409.  Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.

1040112v.1

Plaintiff was fee owner of this property, identified as Parcel Identification No. 1101300011, on the October 25, 2004 NITU date.   A copy of the deeds and assessor's parcel report are attached as Exhibit 17.

34.     Plaintiff Spurgeon Manor, Inc., c/o Karl Eby, acquired the property on April 10, 2001 by those deeds recorded in the Dallas County Recorder of Deeds at Book 2001, Page 4605.  Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiff was fee owner of this property, identified as Parcel Identification No. 1102401010, on the October 25, 2004 NITU date.  A copy of the deed and assessor's parcel report are attached as Exhibit 19.

35.     Plaintiffs Max C. and Jeanne L. Wineland acquired the property on August 3, 1995 by those deeds recorded in the Dallas County Recorder of Deeds at Book 792, Page 711.  Plaintiffs' property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.   Plaintiffs were fee owners of this property, identified as Parcel Identification No. 1102402001, on the October 25, 2004 NITU date.  A copy of the deed and assessor's parcel report are attached as Exhibit 20B.

36.     Plaintiffs Jeffrey E. and Theresa L. Kuehl acquired the property on April 15, 1992 by those deeds recorded in the Dallas County Recorder of Deeds at Book 720, Page 496 and subsequently sold to Kevin and Jessica Buckalew on January 10, 2008 at Book 2008, Page 447.  Plaintiffs' property abuts and adjoins the abandoned right-

13

of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiffs were fee owners of this property, identified as Parcel Identification No. 1102427015, on the October 25, 2004 NITU date. A copy of the deeds and assessor's parcel report are attached as Exhibit 21.

37.   Plaintiffs David L. and Brenda L. Jermier acquired the property on January 30, 1998 by those deeds recorded in the Dallas County Recorder of Deeds at Book 1998, Page 1151. Plaintiffs' property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiffs were fee owners of this property, identified as Parcel Identification No. 1102270001, on the October 25, 2004 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 22.

38.   Plaintiffs Ronald H. and Dixie L. Jarboe acquired the property on May 29, 1998 by those deeds recorded in the Dallas County Recorder of Deeds at Book 1998, Page 5478. Plaintiffs' property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiffs were fee owners of this property, identified as Parcel Identification No. 1102266003, on the October 25, 2004 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 23.

39.   Plaintiffs Michael W. and Gwendolyn D. Needles acquired the property on June 17, 1993 by those deeds recorded in the Dallas County Recorder of Deeds at Book 743,

Page 606.  Plaintiffs' property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiffs were fee owners of this property, identified as Parcel Identification No. 1102266006, on the October 25, 2004 NITU date.  A copy of the deed and assessor's parcel report are attached as Exhibit 24.

40.   Plaintiff April L. Scrivner Towers acquired the property on March 29, 2003 by those deeds recorded in the Dallas County Recorder of Deeds at Book 2003, Page 5763.  Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiff was fee owner of this property, identified as Parcel Identification No. 1102259003, on the October 25, 2004 NITU date.  A copy of the deed and assessor's parcel report are attached as Exhibit 25.

41.   Plaintiff Farmers Cooperative Company, c/o Brian  Bailey, acquired the property on October 15, 1980 by those deeds recorded in the Dallas County Recorder of Deeds at Book 574, Page 547.  Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiff was fee owner of this property, identified as Parcel Identification No. 1102256001, on the October 25, 2004 NITU date.  A copy of the deed and assessor's parcel report are attached as Exhibit 26A.

42.     Plaintiff Farmers Cooperative Company, c/o Brian  Bailey, acquired the property on June 10, 1959 by those deeds recorded in the Dallas County Recorder of Deeds at Book 426, Page 220.  Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiff was fee owner of this property, identified as Parcel Identification No. 1102251004, on the October 25, 2004 NITU date.  A copy of the deed and assessor's parcel report are attached as Exhibit 26B.

43.     Plaintiff Farmers Cooperative Company, c/o Brian  Bailey, acquired the property on February 9, 1948 by those deeds recorded in the Dallas County Recorder of Deeds at Book 372, Page 440.  Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiff was fee owner of this property, identified as Parcel Identification No. 1102251001, on the October 25, 2004 NITU date.  A copy of the deed and assessor's parcel report are attached as Exhibit 26C.

44.     Plaintiff James B. Fox acquired the property on August 14, 1990 by those deeds recorded in the Dallas County Recorder of Deeds at Book 688, Page 466. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiff was fee owner of this property, identified as Parcel Identification No. 1102195001, on the October

25, 2004 NITU date.  A copy of the deed and assessor's parcel report are attached as Exhibit 27.

45.    Plaintiff Larry James Friar acquired the property on January 24, 2003 by those deeds recorded in the Dallas County Recorder of Deeds at Book 2003, Page 1300. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiff was fee owner of this property, identified as Parcel Identification No. 1102142012, on the October 25, 2004 NITU date.  A copy of the deed and assessor's parcel report are attached as Exhibit 28.

46.    Plaintiff Steve M. Jenkins acquired the property on May 20, 1987 by those deeds recorded in the Dallas County Recorder of Deeds at Book 644, Page 408. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiff was fee owner of this property, identified as Parcel Identification No. 1102143003, on the October 25, 2004 NITU date.  A copy of the deed and assessor's parcel report are attached as Exhibit 29.

47.    Plaintiffs Ronald H. Jarboe and Eugene F. Bertrand acquired the property on January 31, 1979 by those deeds recorded in the Dallas County Recorder of Deeds at Book 667, Page 682.  Plaintiffs' property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.

Plaintiffs were fee owners of this property, identified as Parcel Identification No. 1102142004, on the October 25, 2004 NITU date.  A copy of the deed and assessor's parcel report are attached as Exhibit 30.

48.   Plaintiffs Daniel L. and Sandra Marie Raitt acquired the property on June 14, 1994 by those deeds recorded in the Dallas County Recorder of Deeds at Book 771, Page 100.  Plaintiffs' property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiffs were fee owners of this property, identified as Parcel Identification No. 1102142002, on the October 25, 2004 NITU date.  A copy of the deed and assessor's parcel report are attached as Exhibit 31A.

49.   Plaintiffs Daniel L. and Sandra M. Raitt acquired the property on March 31, 1998 by those deeds recorded in the Dallas County Recorder of Deeds at Book 1998, Page 3446.  Plaintiffs' property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiffs were fee owners of this property, identified as Parcel Identification No. 1102142001, on the October 25, 2004 NITU date.  A copy of the deed and assessor's parcel report are attached as Exhibit 31B.

50.   Plaintiffs W. Dale and Wynona M. Shelley acquired the property on October 28, 1970 by those deeds recorded in the Dallas County Recorder of Deeds at Book 492, Page 86.  Plaintiffs' property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an

interim public access trail and possible future railroad activation.  Plaintiffs were fee owners of this property, identified as Parcel Identification No. 1102138001, on the October 25, 2004 NITU date.  A copy of the deed and assessor's parcel report are attached as Exhibit 32.

51.     Plaintiff Angela D. Ferguson acquired the property on August 30, 2002 by those deeds recorded in the Dallas County Recorder of Deeds at Book 2002, Page 12202. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiff was fee owner of this property, identified as Parcel Identification No. 1102134004, on the October 25, 2004 NITU date.  A copy of the deed and assessor's parcel report are attached as Exhibit 33.

52.     Plaintiffs Darwin L. and Norene E. Pittman acquired the property on July 24, 1987 by those deeds recorded in the Dallas County Recorder of Deeds at Book 644, Page 764.  Plaintiffs' property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.   Plaintiffs were fee owners of this property, identified as Parcel Identification No. 1102132001, on the October 25, 2004 NITU date.  A copy of the deed and assessor's parcel report are attached as Exhibit 35.

53.     Plaintiffs Mitchell J. and Cynthia I. Price acquired the property on June 12, 1991 by those deeds recorded in the Dallas County Recorder of Deeds at Book 699, Page 66. Plaintiffs' property abuts and adjoins the abandoned right-of-way that is now

subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiffs were fee owners of this property, identified as Parcel Identification No. 1102126005, on the October 25, 2004 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 36.

54. Plaintiffs Terry L. Masengill and Katherine A. Willis acquired the property on May 8, 2002 by those deeds recorded in the Dallas County Recorder of Deeds at Book 2002, Page 6470. Plaintiffs' property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiffs were fee owners of this property, identified as Parcel Identification No. 1102128009, on the October 25, 2004 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 37.

55. Plaintiff Pamela J. Chance acquired the property on December 30, 1993 by those deeds recorded in the Dallas County Recorder of Deeds at Book 758, Page 1033. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiff was fee owner of this property, identified as Parcel Identification No. 1102126002, on the October 25, 2004 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 38.

56. Plaintiffs Dean and Ann Marie Malone acquired the property on May 20, 1954 by those deeds recorded in the Dallas County Recorder of Deeds at Book 401, Page

289.   Plaintiffs' property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.   Plaintiffs were fee owners of this property, identified as Parcel Identification No. 1102128001, on the October 25, 2004 NITU date.   A copy of the deed and assessor's parcel report are attached as Exhibit 39.

57.   Plaintiff Roger Shields acquired the property on June 3, 1955 by those deeds recorded in the Dallas County Recorder of Deeds at Book 412, Page 55.   Plaintiffs' property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.   Plaintiffs were fee owners of this property, identified as Parcel Identification No. 0735376003, on the October 25, 2004 NITU date.   A copy of the deed and assessor's parcel report are attached as Exhibit 41A.

58.   Plaintiff Claude Shields Trust acquired the property in Probate on October 17, 1972.   The property was sold by Plaintiff Claude Shields Trust evidenced by those deeds recorded in the Dallas County Recorder of Deeds at Book 2006, Page 7692. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.   Plaintiff was fee owner of this property, identified as Parcel Identification No. 0735352001, on the October 25, 2004 NITU date.   A copy of the deed and assessor's parcel report are attached as Exhibit 41C.

59.     Plaintiff Claude Shields Trust acquired the property in Probate on October 17, 1972.  The property was sold by Plaintiff Claude Shields Trust evidenced by those deeds recorded in the Dallas County Recorder of Deeds at Book 2006, Page 7692. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiff was fee owner of this property, identified as Parcel Identification No. 0735301001, on the October 25, 2004 NITU date.  A copy of the deed and assessor's parcel report are attached as Exhibit 41D.

60.     Plaintiff Kenneth J. Renfrow acquired the property on June 25, 1994 by those deeds recorded in the Dallas County Recorder of Deeds at Book 770, Page 745. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiff was fee owner of this property, identified as Parcel Identification No. 0735351013, on the October 25, 2004 NITU date.  A copy of the deed and assessor's parcel report are attached as Exhibit 42.

61.     Plaintiff Lois F. Peterson Trust, c/o Kent Hoeppner, acquired the property on September 10, 2003 by those deeds recorded in the Dallas County Recorder of Deeds at Book 2003, Page 18315.  Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiff was fee owner of this property, identified as Parcel

22

Identification No. 0735351001, on the October 25, 2004 NITU date.  A copy of the deed and assessor's parcel report are attached as Exhibit 43.

62.     Plaintiff Hy-Line International acquired the property on July 15, 2002 by those deeds recorded in the Dallas County Recorder of Deeds at Book 2002, Page 9957.  Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiff was fee owner of this property, identified as Parcel Identification No. 0734400003, on the October 25, 2004 NITU date.  A copy of the deed and assessor's parcel report are attached as Exhibit 44.

63.     Plaintiffs Allen J. and Anne R. Winter acquired the property on June 21, 2004 by those deeds recorded in the Dallas County Recorder of Deeds at Book 2004, Page 10001.  Plaintiffs' property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiffs were fee owners of this property, identified as Parcel Identification No. 0734400005, on the October 25, 2004 NITU date.  A copy of the deed and assessor's parcel report are attached as Exhibit 45.

64.     Plaintiffs Gale D. and Gloria J. Haldeman acquired the property on December 20, 2002 by those deeds recorded in the Dallas County Recorder of Deeds at Book 2002, Page 19208.  Plaintiffs' property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiffs

23

were fee owners of this property, identified as Parcel Identification No. 0734400004, on the October 25, 2004 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 46.

65.   Plaintiff Midwest Oil Seed, Inc., c/o Harry Stine, acquired the property on December 28, 1986 by those deeds recorded in the Dallas County Recorder of Deeds at Book 639, Page 474. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiff was fee owner of this property, identified as Parcel Identification No. 0734200006, on the October 25, 2004 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 47A.

66.   Plaintiff Midwest Oil Seed, Inc., c/o Harry Stine, acquired the property on January 17, 2000 by those deeds recorded in the Dallas County Recorder of Deeds at Book 2000, Page 524. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiff was fee owner of this property, identified as Parcel Identification No. 0727300005, on the October 25, 2004 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 47B.

67.   Plaintiff Midwest Oil Seed, Inc., c/o Harry Stine, acquired the property on January 17, 2000 by those deeds recorded in the Dallas County Recorder of Deeds at Book 2000, Page 524. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for

an interim public access trail and possible future railroad activation.  Plaintiff was fee owner of this property, identified as Parcel Identification No. 0727300002, on the October 25, 2004 NITU date.  A copy of the deed and assessor's parcel report are attached as Exhibit 47C.

68.   Plaintiff Midwest Oil Seed, Inc., c/o Harry Stine, acquired the property on March 4, 1992 by those deeds recorded in the Dallas County Recorder of Deeds at Book 711, Page 917.  Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiff was fee owner of this property, identified as Parcel Identification No. 0727100006, on the October 25, 2004 NITU date.  A copy of the deed and assessor's parcel report are attached as Exhibit 47D.

69.   Plaintiff Midwest Oil Seed, Inc., c/o Harry Stine, acquired the property on April 14, 1992 by those deeds recorded in the Dallas County Recorder of Deeds at Book 714, Page 503.  Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiff was fee owner of this property, identified as Parcel Identification No. 0727100007, on the October 25, 2004 NITU date.  A copy of the deed and assessor's parcel report are attached as Exhibit 47E.

70.   Plaintiff Midwest Oil Seed, Inc., c/o Harry Stine, acquired the property on April 14, 1992 by those deeds recorded in the Dallas County Recorder of Deeds at Book 714, Page 503.  Plaintiff's property abuts and adjoins the abandoned right-of-way that is

now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiff was fee owner of this property, identified as Parcel Identification No. 0727100001, on the October 25, 2004 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 47F.

71. Plaintiff Midwest Oil Seed, Inc., c/o Harry Stine, acquired the property on March 4, 1992 by those deeds recorded in the Dallas County Recorder of Deeds at Book 711, Page 917. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiff was fee owner of this property, identified as Parcel Identification No. 0728200006, on the October 25, 2004 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 47G.

72. Plaintiff Midwest Oil Seed, Inc., c/o Harry Stine, acquired the property on April 14, 1992 by those deeds recorded in the Dallas County Recorder of Deeds at Book 714, Page 503. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiff was fee owner of this property, identified as Parcel Identification No. 0728200007, on the October 25, 2004 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 47H.

73. Plaintiff Midwest Oil Seed, Inc., c/o Harry Stine, acquired the property on December 24, 1985 by those deeds recorded in the Dallas County Recorder of

Deeds at Book 627, Page 319.  Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiff was fee owner of this property, identified as Parcel Identification No. 0721400003, on the October 25, 2004 NITU date.   A copy of the deed and assessor's parcel report are attached as Exhibit 47I.

74.     Plaintiff Midwest Oil Seed, Inc., c/o Harry Stine, acquired the property on March 17, 2003 by those deeds recorded in the Dallas County Recorder of Deeds at Book 2003, Page 4723 and Book 2009, Page 13797.   Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.   Plaintiff was fee owner of this property, identified as Parcel Identification No. 0236400004, on the October 25, 2004 NITU date.  A copy of the deeds and assessor's parcel report are attached as Exhibit 47L.

75.     Plaintiff Midwest Oil Seed, Inc., c/o Harry Stine, acquired the property on March 17, 2003 by those deeds recorded in the Dallas County Recorder of Deeds at Book 2003, Page 4723 and Book 2009, Page 13797.   Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.   Plaintiff was fee owner of this property, identified as Parcel Identification No. 0236400002, on the October 25, 2004 NITU date.  A copy of the deeds and assessor's parcel report are attached as Exhibit 47M.

76.    Plaintiff Midwest Oil Seed, Inc., c/o Harry Stine, acquired the property on April 24,
       1999 by those deeds recorded in the Dallas County Recorder of Deeds at Book
       1999, Page 5003. Plaintiff's property abuts and adjoins the abandoned right-of-way
       that is now subject to the easements (created by the operation of the Trails Act) for
       an interim public access trail and possible future railroad activation. Plaintiff was
       fee owner of this property, identified as Parcel Identification No. 0225300005, on
       the October 25, 2004 NITU date. A copy of the deed and assessor's parcel report
       are attached as Exhibit 47N.

77.    Plaintiff Midwest Oil Seed, Inc., c/o Harry Stine, acquired the property on April 24,
       1999 by those deeds recorded in the Dallas County Recorder of Deeds at Book
       1999, Page 5003. Plaintiff's property abuts and adjoins the abandoned right-of-way
       that is now subject to the easements (created by the operation of the Trails Act) for
       an interim public access trail and possible future railroad activation. Plaintiff was
       fee owner of this property, identified as Parcel Identification No. 0225300003, on
       the October 25, 2004 NITU date. A copy of the deed and assessor's parcel report
       are attached as Exhibit 47O.

78.    Plaintiffs Jean Royer Dyer and Mary Belle Royer acquired the property on
       November 11, 1997 by those deeds recorded in the Dallas County Recorder of
       Deeds at Book 1997, Page 9858. Plaintiffs' property abuts and adjoins the
       abandoned right-of-way that is now subject to the easements (created by the
       operation of the Trails Act) for an interim public access trail and possible future
       railroad activation. Plaintiffs were fee owners of this property, identified as Parcel

28

Identification No. 0727400002, on the October 25, 2004 NITU date.  A copy of the deed and assessor's parcel report are attached as Exhibit 48.

79.  Plaintiff Richard J. and Florence DeBoest Revocable Trust acquired the property on August 5, 1991 by those deeds recorded in the Dallas County Recorder of Deeds at Book 701, Page 878.  Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiff was fee owner of this property, identified as Parcel Identification No. 0727300001, on the October 25, 2004 NITU date.  A copy of the deed and assessor's parcel report are attached as Exhibit 49.

80.  Plaintiff Elsie Rittgers and John Rittgers, Jr. Trust, Elsie Ritters, Trustee, acquired the property on July 7, 2004 by those deeds recorded in the Dallas County Recorder of Deeds at Book 204, Page 10293.  Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiff was fee owner of this property, identified as Parcel Identification No. 0721100013, on the October 25, 2004 NITU date.  A copy of the deed and assessor's parcel report are attached as Exhibit 50A.

81.  Plaintiff Elsie Rittgers and John Rittgers, Jr. Trust, Elsie Ritters, Trustee, acquired the property on February 26, 2004 by those deeds recorded in the Dallas County Recorder of Deeds at Book 204, Page 2498.  Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future

railroad activation. Plaintiff was fee owner of this property, identified as Parcel Identification No. 0721100011, on the October 25, 2004 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 50B.

82. Plaintiff Elsie Rittgers and John Rittgers, Jr. Trust, Elsie Rittgers, Trustee, acquired the property on February 26, 2004 by those deeds recorded in the Dallas County Recorder of Deeds at Book 204, Page 2498. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiff was fee owner of this property, identified as Parcel Identification No. 0721100010, on the October 25, 2004 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 50C.

83. Plaintiff Stine Seed Farm Inc., c/o Harry Stine, acquired the property on February 27, 1988 by those deeds recorded in the Dallas County Recorder of Deeds at Book 655, Page 518. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiff was fee owner of this property, identified as Parcel Identification No. 0721200003, on the October 25, 2004 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 51A.

84. Plaintiff Stine Seed Farm Inc., c/o Harry Stine, acquired the property on December 24, 1985 by those deeds recorded in the Dallas County Recorder of Deeds at Book 627, Page 317. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for

30

an interim public access trail and possible future railroad activation.  Plaintiff was fee owner of this property, identified as Parcel Identification No. 0716300004, on the October 25, 2004 NITU date.  A copy of the deed and assessor's parcel report are attached as Exhibit 51B.

85.    Plaintiff Stine Seed Farm Inc., c/o Harry Stine, acquired the property on March 27, 1992 by those deeds recorded in the Dallas County Recorder of Deeds at Book 720, Page 340.  Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiff was fee owner of this property, identified as Parcel Identification No. 0717400002, on the October 25, 2004 NITU date.  A copy of the deed and assessor's parcel report are attached as Exhibit 51C.

86.    Plaintiff Stine Seed Farm Inc., c/o Harry Stine, acquired the property on April 1, 1989 by those deeds recorded in the Dallas County Recorder of Deeds at Book 668, Page 896.  Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiff was fee owner of this property, identified as Parcel Identification No. 0717200003, on the October 25, 2004 NITU date.  A copy of the deed and assessor's parcel report are attached as Exhibit 51D.

87.    Plaintiff Stine Seed Farm Inc., c/o Harry Stine, acquired the property on February 27, 1988 by those deeds recorded in the Dallas County Recorder of Deeds at Book 655, Page 518.  Plaintiff's property abuts and adjoins the abandoned right-of-way

that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiff was fee owner of this property, identified as Parcel Identification No. 0717200001, on the October 25, 2004 NITU date.  A copy of the deed and assessor's parcel report are attached as Exhibit 51E.

88.     Plaintiff Stine Seed Farm Inc., c/o Harry Stine, acquired the property on December 27, 1985 by those deeds recorded in the Dallas County Recorder of Deeds at Book 622, Page 406.  Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiff was fee owner of this property, identified as Parcel Identification No. 0223300004, on the October 25, 2004 NITU date.  A copy of the deed and assessor's parcel report are attached as Exhibit 51F.

89.     Plaintiff Minburn Properties, LLC, c/o William Bishop, acquired the property on October 29, 2002 by those deeds recorded in the Dallas County Recorder of Deeds at Book 2003, Page 5465, Book 2004, Page 10293 and Book 2004, Page 2498.  Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiff was fee owner of this property, identified as Parcel Identification No. 0721100009, on the October 25, 2004 NITU date.  A copy of the deeds and assessor's parcel report are attached as Exhibit 52.

90.     Plaintiff Linda A. Graham acquired the property on April 17, 2003 by those deeds recorded in the Dallas County Recorder of Deeds at Book 2003, Page 7022. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiff was fee owner of this property, identified as Parcel Identification No. 0717100004, on the October 25, 2004 NITU date.  A copy of the deed and assessor's parcel report are attached as Exhibit 53.

91.     Plaintiff Bern Boyett acquired the property on March 29, 2002 by those deeds recorded in the Dallas County Recorder of Deeds at Book 2002, Page 4911. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiff was fee owner of this property, identified as Parcel Identification No. 0708163001, on the October 25, 2004 NITU date.  A copy of the deed and assessor's parcel report are attached as Exhibit 56B.

92.     Plaintiffs Anthony P. and Tammy L. Durnan acquired the property on April 13, 1999 by those deeds recorded in the Dallas County Recorder of Deeds at Book 1999, Page 4227 and Book 2006, Page 11341.  Plaintiffs' property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiffs were fee owners of this property, identified as Parcel

Identification No. 0708160004, on the October 25, 2004 NITU date.  A copy of the deeds and assessor's parcel report are attached as Exhibit 58.

93.   Plaintiff Minburn Cooperative Elevator, c/o Brian Bailey, acquired the property on November 3, 1976 by those deeds recorded in the Dallas County Recorder of Deeds at Book 529, Page 631.  Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiff was fee owner of this property, identified as Parcel Identification No. 0707230005, on the October 25, 2004 NITU date.   A copy of the deed and assessor's parcel report are attached as Exhibit 59J.

94.   Plaintiff Minburn Cooperative Elevator, c/o Brian Bailey, acquired the property on December 24, 1975 by those deeds recorded in the Dallas County Recorder of Deeds at Book 529, Page 32.  Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiff was fee owner of this property, identified as Parcel Identification No. 0706400003, on the October 25, 2004 NITU date.   A copy of the deed and assessor's parcel report are attached as Exhibit 59K.

95.   Plaintiff Dr. Randall L. Gibson acquired the property on September 1, 1983 by those deeds recorded in the Dallas County Recorder of Deeds at Book 607, Page 36, Book 1999, Page 13210 and Book 2000, Page 245.  Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future

34

railroad activation.  Plaintiff was fee owner of this property, identified as Parcel Identification No. 0707284011, on the October 25, 2004 NITU date.  A copy of the deeds and assessor's parcel report are attached as Exhibit 60.

96.   Plaintiff Heartland Co-Op, c/o Larry Petersen, acquired the property on December 28, 1988 by those deeds recorded in the Dallas County Recorder of Deeds at Book 666, Page 861.  Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiff was fee owner of this property, identified as Parcel Identification No. 0707229001, on the October 25, 2004 NITU date.  A copy of the deed and assessor's parcel report are attached as Exhibit 61B.

97.   Plaintiff Heartland Co-Op, c/o Larry Petersen, acquired the property on December 28, 1988 by those deeds recorded in the Dallas County Recorder of Deeds at Book 666, Page 861.  Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiff was fee owner of this property, identified as Parcel Identification No. 0706400004, on the October 25, 2004 NITU date.  A copy of the deed and assessor's parcel report are attached as Exhibit 61C.

98.   Plaintiffs Larry L. and Darla M. Pollack acquired the property on December 1, 2000 by those deeds recorded in the Dallas County Recorder of Deeds at Book 2000, Page 12597.  Plaintiffs' property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an

interim public access trail and possible future railroad activation.  Plaintiffs were fee owners of this property, identified as Parcel Identification No. 0707229007, on the October 25, 2004 NITU date.  A copy of the deed and assessor's parcel report are attached as Exhibit 63.

99.     Plaintiffs Randy O. and Sharon K. Wright acquired the property on June 22, 1995 by those deeds recorded in the Dallas County Recorder of Deeds at Book 789, Page 685.  Plaintiffs' property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiffs were fee owners of this property, identified as Parcel Identification No. 0707226004, on the October 25, 2004 NITU date.  A copy of the deed and assessor's parcel report are attached as Exhibit 64.

100.    Plaintiffs Shirley and Estate of Darrell Roger Cornelison acquired the property on March 11, 1964 by those deeds recorded in the Dallas County Recorder of Deeds at Book 443, Page 300, Book 2008, Page 9828 and Book 2008, Page 15122. Plaintiffs' property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiffs were fee owners of this property, identified as Parcel Identification No. 0707229009, on the October 25, 2004 NITU date.  A copy of the deeds and assessor's parcel report are attached as Exhibit 65.

101.    Plaintiff Adel-Desoto-Minburn Community School District, c/o Shirley McAdon, acquired the property on June 17, 1993 by those deeds recorded in the Dallas

County Recorder of Deeds at Book 748, Page 180.  Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiff was fee owner of this property, identified as Parcel Identification No. 0707226003, on the October 25, 2004 NITU date.  A copy of the deed and assessor's parcel report are attached as Exhibit 66.

102.   Plaintiffs Larry and Denise Cornelison acquired the property on April 30, 1981 by those deeds recorded in the Dallas County Recorder of Deeds at Book 443, Page 300 and Book 574, Page 838.  Plaintiffs' property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiffs were fee owners of this property, identified as Parcel Identification No. 0707229008, on the October 25, 2004 NITU date.  A copy of the deeds and assessor's parcel report are attached as Exhibit 67.

103.   Plaintiffs Mark B. and Beth Erb acquired the property on March 6, 1995 by those deeds recorded in the Dallas County Recorder of Deeds at Book 783, Page 441. Plaintiffs' property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiffs were fee owners of this property, identified as Parcel Identification No. 0707226001, on the October 25, 2004 NITU date.  A copy of the deed and assessor's parcel report are attached as Exhibit 68A.

104.   Plaintiffs Mark B. and Beth Erb acquired the property on December 23, 1996 by those deeds recorded in the Dallas County Recorder of Deeds at Book 828, Page 720.  Plaintiffs' property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.   Plaintiffs were fee owners of this property, identified as Parcel Identification No. 0706400006, on the October 25, 2004 NITU date.  A copy of the deed and assessor's parcel report are attached as Exhibit 68C.

105.   Plaintiffs Mark B. and Beth Erb acquired the property on December 23, 1996 by those deeds recorded in the Dallas County Recorder of Deeds at Book 828, Page 720.  Plaintiffs' property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.   Plaintiffs were fee owners of this property, identified as Parcel Identification No. 0706400001, on the October 25, 2004 NITU date.  A copy of the deed and assessor's parcel report are attached as Exhibit 68D.

106.   Plaintiff William H. Burkett acquired the property on March 19, 1984 by those deeds recorded in the Dallas County Recorder of Deeds at Book 612, Page 36.  Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiff was fee owner of this property, identified as Parcel Identification No. 0706100004, on the October

25, 2004 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 69A.

107.   Plaintiff William H. Burkett acquired the property on March 19, 1984 by those deeds recorded in the Dallas County Recorder of Deeds at Book 612, Page 36. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiff was fee owner of this property, identified as Parcel Identification No. 0706100003, on the October 25, 2004 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 69B.

108.   Plaintiff William H. Burkett acquired the property on March 19, 1984 by those deeds recorded in the Dallas County Recorder of Deeds at Book 612, Page 36. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiff was fee owner of this property, identified as Parcel Identification No. 0706100001, on the October 25, 2004 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 69C.

109.   Plaintiffs Marilyn C. Wasser and J. Dean Wasser, Trustees of the Marilyn C. Wasser Revocable Trust, acquired the property on December 30, 1996 by those deeds recorded in the Dallas County Recorder of Deeds at Book 827, Page 783. Plaintiffs' property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim

39

public access trail and possible future railroad activation.   Plaintiffs were fee owners of this property, identified as Parcel Identification No. 0236400001, on the October 25, 2004 NITU date.  A copy of the deed and assessor's parcel report are attached as Exhibit 70.

110.    Plaintiff Birdsall Estate, c/o Linda Rae Tronvold, acquired the property on May 10, 1976 by Change of Title recorded in the District Court of the State of Iowa, in and for Woodbury County to the Dallas County Auditor at 31247 Probate.  Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiff was fee owner of this property, identified as Parcel Identification No. 0236200003, on the October 25, 2004 NITU date.  A copy of the Change of Title and assessor's parcel report are attached as Exhibit 71.

111.    Plaintiffs Donald Burg and Leo Burg acquired the property on November 25, 1986 by those deeds recorded in the Dallas County Recorder of Deeds at Book 639, Page 357.  Plaintiffs' property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.   Plaintiffs were fee owners of this property, identified as Parcel Identification No. 0225300002, on the October 25, 2004 NITU date.  A copy of the deed and assessor's parcel report are attached as Exhibit 73.

112.    Plaintiffs Michael E. and Randa Fagen acquired the property on April 24, 1999 by those deeds recorded in the Dallas County Recorder of Deeds at Book 1999, Page

5007.  Plaintiffs' property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiffs were fee owners of this property, identified as Parcel Identification No. 0226400011, on the October 25, 2004 NITU date.  A copy of the deed and assessor's parcel report are attached as Exhibit 74A.

113.  Plaintiffs Michael E. and Randa R. Fagen acquired the property on June 10, 2004 by those deeds recorded in the Dallas County Recorder of Deeds at Book 2004, Page 8855.  Plaintiffs' property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiffs were fee owners of this property, identified as Parcel Identification No. 0215132001, on the October 25, 2004 NITU date.  A copy of the deed and assessor's parcel report are attached as Exhibit 74B.

114.  Plaintiff LLT, LLC, c/o Michael E. and Randa R. Fagen, acquired the property on April 16, 2003 by those deeds recorded in the Dallas County Recorder of Deeds at Book 2003, Page 6866.  Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiff was fee owner of this property, identified as Parcel Identification No. 0226400012, on the October 25, 2004 NITU date.  A copy of the deed and assessor's parcel report are attached as Exhibit 75.

115.   Plaintiff F. William Beckwith acquired the property on March 4, 1991 by those deeds recorded in the Dallas County Recorder of Deeds at Book 699, Page 745. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiff was fee owner of this property, identified as Parcel Identification No. 0226200005, on the October 25, 2004 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 76A.

116.   Plaintiff F. William Beckwith acquired the property on March 4, 1991 by those deeds recorded in the Dallas County Recorder of Deeds at Book 699, Page 745. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiff was fee owner of this property, identified as Parcel Identification No. 0226200006, on the October 25, 2004 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 76B.

117.   Plaintiff F. William Beckwith acquired the property on May 4, 1993 by those deeds recorded in the Dallas County Recorder of Deeds at Book 745, Page 258. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiff was fee owner of this property, identified as Parcel Identification No. 0223300005, on the October

25, 2004 NITU date.  A copy of the deed and assessor's parcel report are attached as Exhibit 76D.

118.   Plaintiffs Dave and Sue Roush, Helen McLean and Edna Young acquired the property on September 24, 2003 by those deeds recorded in the Dallas County Recorder of Deeds at Book 2003, Page 19413 and subsequently sold to Midwest Oil Seeds, Inc. on November 30, 2007 at Book 2007, Page 18394.  Plaintiffs' property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiffs were fee owners of this property, identified as Parcel Identification No. 0223400004, on the October 25, 2004 NITU date.  A copy of the deeds and assessor's parcel report are attached as Exhibit 78.

119.   Plaintiff Eden Enterprise Inc., c/o Harry Stine, acquired the property on April 24, 1985 by those deeds recorded in the Dallas County Recorder of Deeds at Book 623, Page 70.  Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiff was fee owner of this property, identified as Parcel Identification No. 0223300001, on the October 25, 2004 NITU date.  A copy of the deed and assessor's parcel report are attached as Exhibit 79A.

120.   Plaintiff Eden Enterprise Inc., c/o Harry Stine, acquired the property on April 24, 1985 by those deeds recorded in the Dallas County Recorder of Deeds at Book 623, Page 70, Book 1998, Page 3259 and Book 1998, Page 5176.  Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements

(created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiff was fee owner of this property, identified as Parcel Identification No. 0223100007, on the October 25, 2004 NITU date.  A copy of the deeds and assessor's parcel report are attached as Exhibit 79B.

121.  Plaintiffs Roger L. and Jane A. Dorman acquired the property on April 3, 1998 by those deeds recorded in the Dallas County Recorder of Deeds at Book 1998, Page 5176.  Plaintiffs' property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiffs were fee owners of this property, identified as Parcel Identification No. 0223100006, on the October 25, 2004 NITU date.  A copy of the deed and assessor's parcel report are attached as Exhibit 80.

122.  Plaintiffs Rickie I. and Judy L. Huitt acquired the property on April 2, 1996 by those deeds recorded in the Dallas County Recorder of Deeds at Book 807, Page 807.  Plaintiffs' property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiffs were fee owners of this property, identified as Parcel Identification No. 0222200005, on the October 25, 2004 NITU date.  A copy of the deed and assessor's parcel report are attached as Exhibit 82.

123.  Plaintiffs Ronald K. Bender, Joy Ann Hawbaker, Nancy Ann Luckow acquired the property on May 22, 1995 by those deeds recorded in the Dallas County Recorder of Deeds at Book 787, Page 593, Book 463, Page 543, Book 2005, Page 7478,

Book 2005, Page 5597 and subsequently sold to Michael Hansen Farms, Inc. on June 8, 2005 at Book 2005, Page 10485.  Plaintiffs' property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiffs were fee owners of this property, identified as Parcel Identification No. 0222200003, on the October 25, 2004 NITU date.  A copy of the deeds and assessor's parcel report are attached as Exhibit 83A.

124.  Plaintiffs Ronald Bender, Joy Hawbaker, Nancy Luckow acquired the property on May 22, 1995 by those deeds recorded in the Dallas County Recorder of Deeds at Book 787, Page 593, Book 2005, Page 5598, Book 467, Page 126 and subsequently sold to Carl Stukenholtz on June 8, 2005 at Book 2005, Book 10484. Plaintiffs' property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiffs were fee owners of this property, identified as Parcel Identification No. 0215400001, on the October 25, 2004 NITU date.  A copy of the deeds and assessor's parcel report are attached as Exhibit 83B.

125.  Plaintiff Doris V. Bender Revocable Trust acquired the property on September 19, 1995 by those deeds recorded in the Dallas County Recorder of Deeds at Book 795, Page 395.  Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiff was fee owner of this property, identified as Parcel Identification No. 0215400009, on the

45

October 25, 2004 NITU date.  A copy of the deed and assessor's parcel report are attached as Exhibit 84A.

126.    Plaintiff Doris V. Bender Revocable Trust acquired the property on September 19, 1995 by those deeds recorded in the Dallas County Recorder of Deeds at Book 795, Page 395.  Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiff was fee owner of this property, identified as Parcel Identification No. 0215400003, on the October 25, 2004 NITU date.  A copy of the deed and assessor's parcel report are attached as Exhibit 84B.

127.    Plaintiffs Jerry L. and Vicki S. Lage acquired the property on October 22, 1990 by those deeds recorded in the Dallas County Recorder of Deeds at Book 779, Page 965. Plaintiffs' property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.   Plaintiffs were fee owners of this property, identified as Parcel Identification No. 0215400010, on the October 25, 2004 NITU date.  A copy of the deed and assessor's parcel report are attached as Exhibit 85.

128.    Plaintiff Daniel E. Stebbins acquired the property on September 24, 1992 by those deeds recorded in the Dallas County Recorder of Deeds at Book 727, Page 249.  Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiff was fee owner of

this property, identified as Parcel Identification No. 0215256008, on the October 25, 2004 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 86.

129.   Plaintiff Mitchell Family Trust, c/o Lester and Elva Mitchell, acquired the property on August 24, 2000 by those deeds recorded in the Dallas County Recorder of Deeds at Book 2000, Page 8657. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiff was fee owner of this property, identified as Parcel Identification No. 0215179005, on the October 25, 2004 NITU date. A copy of the deed and assessor's parcel report are attached as Exhibit 87.

130.   Plaintiff Helen Fazel acquired the property on February 24, 1992 by those deeds recorded in the Dallas County Recorder of Deeds at Book 711, Page 444 and Book 2008, Page 7136. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiff was fee owner of this property, identified as Parcel Identification No. 0215179001, on the October 25, 2004 NITU date. A copy of the deeds and assessor's parcel report are attached as Exhibit 88.

131.   Plaintiff Central Iowa Regional Housing Authority, c/o Marcy Conner, acquired the property on December 20, 1991 by those deeds recorded in the Dallas County Recorder of Deeds at Book 712, Page 15. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the

47

operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiff was fee owner of this property, identified as Parcel Identification No. 0215177005, on the October 25, 2004 NITU date.  A copy of the deed and assessor's parcel report are attached as Exhibit 89A.

132.   Plaintiff Central Iowa Regional Housing Authority, c/o Marcy Conner, acquired the property on December 20, 1991 by those deeds recorded in the Dallas County Recorder of Deeds at Book 712, Page 15.  Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiff was fee owner of this property, identified as Parcel Identification No. 0215177004, on the October 25, 2004 NITU date.  A copy of the deed and assessor's parcel report are attached as Exhibit 89B.

133.   Plaintiffs Charles R. and Melba Mehls acquired the property on October 6, 1978 by those deeds recorded in the Dallas County Recorder of Deeds at Book 556, Page 223. Plaintiffs' property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiffs were fee owners of this property, identified as Parcel Identification No. 0215177001, on the October 25, 2004 NITU date.  A copy of the deed and assessor's parcel report are attached as Exhibit 90.

134.   Plaintiff Anatasio Galvan acquired the property on August 25, 1999 by those deeds recorded in the Dallas County Recorder of Deeds at Book 1999, Page 9889. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now

48

subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiff was fee owner of this property, identified as Parcel Identification No. 0215133006, on the October 25, 2004 NITU date.  A copy of the deed and assessor's parcel report are attached as Exhibit 91.

135.    Plaintiffs Steven J. Welch and Jamie A. Grove acquired the property on November 18, 1999 by those deeds recorded in the Dallas County Recorder of Deeds at Book 1999, Page 13123 and subsequently sold to Ima and Pablo Carrillo on June 28, 2005 at Book 2005, Page 9931.   Plaintiffs' property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiffs were fee owners of this property, identified as Parcel Identification No. 0215126027, on the October 25, 2004 NITU date.  A copy of the deeds and assessor's parcel report are attached as Exhibit 92.

136.    Plaintiffs Richard L. and Cora J. Gittins acquired the property on August 25, 2003 by those deeds recorded in the Dallas County Recorder of Deeds at Book 2003, Page 17869. Plaintiffs' property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiffs were fee owners of this property, identified as Parcel Identification No. 0215103002, on the October 25, 2004 NITU date.  A copy of the deed and assessor's parcel report are attached as Exhibit 95A.

137.    Plaintiffs Richard L. and Cora J. Gittins acquired the property on September 30,

1997 by those deeds recorded in the Dallas County Recorder of Deeds at Book 848,

Page 861. Plaintiffs' property abuts and adjoins the abandoned right-of-way that is

now subject to the easements (created by the operation of the Trails Act) for an

interim public access trail and possible future railroad activation.  Plaintiffs were

fee owners of this property, identified as Parcel Identification No. 0209429001, on

the October 25, 2004 NITU date.  A copy of the deed and assessor's parcel report

are attached as Exhibit 95B.

138.    Plaintiffs Walter Charles and Brenda Sue Pettry acquired the property on October 4,

1984 by those deeds recorded in the Dallas County Recorder of Deeds at Book 687,

Page 1. Plaintiffs' property abuts and adjoins the abandoned right-of-way that is

now subject to the easements (created by the operation of the Trails Act) for an

interim public access trail and possible future railroad activation.  Plaintiffs were

fee owners of this property, identified as Parcel Identification No. 0215103001, on

the October 25, 2004 NITU date.  A copy of the deed and assessor's parcel report

are attached as Exhibit 96.

139.    Plaintiff Morris A. Michaelsen Estate, c/o Katie McGee, acquired the property on

January 8, 1991 by those deeds recorded in the Dallas County Recorder of Deeds at

Book 692, Page 631.  Plaintiff's property abuts and adjoins the abandoned right-of-

way that is now subject to the easements (created by the operation of the Trails Act)

for an interim public access trail and possible future railroad activation.  Plaintiff

was fee owner of this property, identified as Parcel Identification No. 0215102004,

on the October 25, 2004 NITU date.  A copy of the deed and assessor's parcel report are attached as Exhibit 97A.

140.   Plaintiff Terrill Farms, c/o Martin Terrill, acquired the property on December 7, 1994 by those deeds recorded in the Dallas County Recorder of Deeds at Book 779, Page 854.  Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiff was fee owner of this property, identified as Parcel Identification No. 0209481003, on the October 25, 2004 NITU date.  A copy of the deed and assessor's parcel report are attached as Exhibit 105.

141.   Plaintiffs James and Ramona Birdsell acquired the property on June 28, 1995 by those deeds recorded in the Dallas County Recorder of Deeds at Book 789, Page 1063 and subsequently sold to Taylor Tea Shop LLC on May 2, 2006 at Book 2006, Page 6641.  Plaintiffs' property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiffs were fee owners of this property, identified as Parcel Identification No. 0209481004, on the October 25, 2004 NITU date.  A copy of the deeds and assessor's parcel report are attached as Exhibit 106.

142.   Plaintiff Robert Galivan acquired the property on June 17, 1996 by those deeds recorded in the Dallas County Recorder of Deeds at Book 812, Page 786.  Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim

public access trail and possible future railroad activation.  Plaintiff was fee owner of this property, identified as Parcel Identification No. 0209434004, on the October 25, 2004 NITU date.  A copy of the deed and assessor's parcel report are attached as Exhibit 108.

143.    Plaintiff Frog Creek LTC, c/o Robert Tolle, acquired the property on December 18, 1997  by those deeds recorded in the Dallas County Recorder of Deeds at Book 1998, Page 6108, Book 2005, Page 2824, Book 2005, Page 2826 and Book 2005, Page 2505.  Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiff was fee owner of this property, identified as Parcel Identification No. 0209434003, on the October 25, 2004 NITU date.  A copy of the deeds and assessor's parcel report are attached as Exhibit 109.

144.    Plaintiff Karen J. McDowell acquired the property on January 31, 1973 by those deeds recorded in the Dallas County Recorder of Deeds at Book 501, Page 380.  Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiff was fee owner of this property, identified as Parcel Identification No. 0209434002, on the October 25, 2004 NITU date.  A copy of the deed and assessor's parcel report are attached as Exhibit 110.

145.    Plaintiff Gladys Hancock acquired the property on October 25, 1974 by those deeds recorded in the Dallas County Recorder of Deeds at Book 520, Page 145 and Book

827, Page 913.  Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiff was fee owner of this property, identified as Parcel Identification No. 0209433002, on the October 25, 2004 NITU date.  A copy of the deeds and assessor's parcel report are attached as Exhibit 111.

146.  Among the relevant conveyances to the Des Moines Valley Railroad Company are court ordered condemnations.  Most of the condemnations were filed in the Dallas County Recorder of Deeds office, at the following Book and Page numbers:

a.  George D. Brien granted by condemnation to the Des Moines Valley Railroad Company a right-of-way on March 2, 1869 located at Book Misc. A, Page 476 filed with the Dallas County Recorder of Deeds Office.  The parties have stipulated that this deed applies and is applicable to the following Claimants: 2B, 2C, 2D, 2E, 4A, 4C.  Condemnation attached as Exhibit I.1.

b.  Elias Ellis granted by condemnation to the Des Moines Valley Railroad Company a right-of-way on March 2, 1869 located at Book Misc. A, Page 484 filed with the Dallas County Recorder of Deeds Office.  The parties have stipulated that this deed applies and is applicable to the following Claimants: 4E and 5C.  Condemnation attached as Exhibit I.2.

c.  Sexton and Son granted by condemnation to the Des Moines Valley Railroad Company a right-of-way on March 2, 1869 located at Book Misc. A, Page 482 filed with the Dallas County Recorder of Deeds Office.  The parties have

stipulated that this deed applies and is applicable to the following Claimants: 4F and 5E.  Condemnation attached as Exhibit I.3.

d.   H.E. Fry granted by condemnation to the Des Moines Valley Railroad Company a right-of-way on March 2, 1869 located at Book Misc. A, Page 480 filed with the Dallas County Recorder of Deeds Office.  The parties have stipulated that this deed applies and is applicable to the following Claimant: 5B. Condemnation attached as Exhibit I.4.

e.   M. Beldon granted by condemnation to the Des Moines Valley Railroad Company a right-of-way on March 2, 1869 located at Book Misc. A, Page 490 filed with the Dallas County Recorder of Deeds Office.  The parties have stipulated that this deed applies and is applicable to the following Claimants: 6 and 9.  Condemnation attached as Exhibit I.5.

f.   An unknown party granted by condemnation to the Des Moines Valley Railroad Company a right-of-way on March 2, 1869 located at Book Misc. A, Page 486 filed with the Dallas County Recorder of Deeds Office.  The parties have stipulated that this deed applies and is applicable to the following Claimant: 6. Condemnation attached as Exhibit I.6.

g.   Christopher Wright granted by condemnation to the Des Moines Valley Railroad Company a right-of-way on March 2, 1869 located at Book A, Page 488 filed with the Dallas County Recorder of Deeds Office.  The parties have stipulated that this deed applies and is applicable to the following Claimant: 10C.  Condemnation attached as Exhibit I.7.

h.   Aaron Johnson granted by condemnation to the Des Moines Valley Railroad Company a right-of-way on March 2, 1869 located at Book A, Page 500 filed with the Dallas County Recorder of Deeds Office.  The parties have stipulated that this deed applies and is applicable to the following Claimants: 11A, 11B and 11C.  Condemnation attached as Exhibit I.8.

i.   Eunice Charles granted by condemnation to the Des Moines Valley Railroad Company a right-of-way on March 2, 1869 located at Book A, Page 498 filed with the Dallas County Recorder of Deeds Office.  The parties have stipulated that this deed applies and is applicable to the following Claimant: 14A. Condemnation attached as Exhibit I.9.

j.   Peter Campbell granted by condemnation to the Des Moines Valley Railroad Company a right-of-way on March 2, 1869 located at Book A, Page 496 filed with the Dallas County Recorder of Deeds Office.  The parties have stipulated that this deed applies and is applicable to the following Claimant: 14B. Condemnation attached as Exhibit I.10.

k.   John Todd granted by condemnation to the Des Moines Valley Railroad Company a right-of-way on March 2, 1869 located at Book A, Page 494 filed with the Dallas County Recorder of Deeds Office.  The parties have stipulated that this deed applies and is applicable to the following Claimants: 15B, 15C, 16, 19, 20B, 21, 22, 23, 24, 25 and 26A.  Condemnation attached as Exhibit I.11.

l.   B.F. Huber, et al., granted by condemnation to the Des Moines Valley Railroad Company a right-of-way on May 2, 1869 located at Book A, Page 492 filed

with the Dallas County Recorder of Deeds Office.  The parties have stipulated that this deed applies and is applicable to the following Claimants: 15D, 15E, 26B, 26C, 27, 28, 29, 30, 31A, 31B, 32, 33, 35, 36, 37, 38 and 39. Condemnation attached as Exhibit I.12.

m.  An unknown party granted by condemnation to the Des Moines Valley Railroad Company a right-of-way on March 2, 1869 located at Book A, Page 506 filed with the Dallas County Recorder of Deeds Office.  The parties have stipulated that this deed applies and is applicable to the following Claimants: 47D, 47E and 47F.  Condemnation attached as Exhibit I.13.

n.  A.Y. Dawson granted by condemnation to the Des Moines Valley Railroad Company a right-of-way on March 2, 1869 located at Book A, Page 510 filed with the Dallas County Recorder of Deeds Office.  The parties have stipulated that this deed applies and is applicable to the following Claimants: 47G and 47H.  Condemnation attached as Exhibit I.14.

o.  H. Musgrove granted by condemnation to the Des Moines Valley Railroad Company a right-of-way on March 2, 1869 located at Book A, Page 514 filed with the Dallas County Recorder of Deeds Office.  The parties have stipulated that this deed applies and is applicable to the following Claimant: 47I. Condemnation attached as Exhibit I.15.

p.  Eliza J. Kelley granted by condemnation to the Des Moines Valley Railroad Company a right-of-way on March 2, 1869 located at Book A, Page 568 filed with the Dallas County Recorder of Deeds Office.  The parties have stipulated

that this deed applies and is applicable to the following Claimants: 47N and 47O.  Condemnation attached as Exhibit I.16.

q.  An unknown party granted by condemnation to the Des Moines Valley Railroad Company a right-of-way on March 2, 1869 located at Book A, Page 508 filed with the Dallas County Recorder of Deeds Office.  The parties have stipulated that this deed applies and is applicable to the following Claimant: 49. Condemnation attached as Exhibit I.17.

r.  Sexton M. granted by condemnation to the Des Moines Valley Railroad Company a right-of-way on March 2, 1869 located at Book Misc. A, Page 516 filed with the Dallas County Recorder of Deeds Office.  The parties have stipulated that this deed applies and is applicable to the following Claimants: 50A, 50B, 50C and 52.  Condemnation attached as Exhibit I.18.

s.  Hiram Matthews granted by condemnation to the Des Moines Valley Railroad Company a right-of-way on March 2, 1869 located at Book A, Page 518 filed with the Dallas County Recorder of Deeds Office.  The parties have stipulated that this deed applies and is applicable to the following Claimant: 51C. Condemnation attached as Exhibit I.19.

t.  Joseph Allen granted by condemnation to the Des Moines Valley Railroad Company a right-of-way on March 2, 1869 located at Book A, Page 520 filed with the Dallas County Recorder of Deeds Office.  The parties have stipulated that this deed applies and is applicable to the following Claimants: 51D and 51E.  Condemnation attached as Exhibit I.20.

u. A. Presto heirs granted by condemnation to the Des Moines Valley Railroad Company a right-of-way on March 2, 1869 located at Book A, Page 540 filed with the Dallas County Recorder of Deeds Office.  The parties have stipulated that this deed applies and is applicable to the following Claimants: 51F and 79A.  Condemnation attached as Exhibit I.21.

v. Sexton & Son granted by condemnation to the Des Moines Valley Railroad Company a right-of-way on March 2, 1869 located at Book A, Page 523 filed with the Dallas County Recorder of Deeds Office.  The parties have stipulated that this deed applies and is applicable to the following Claimant: 53. Condemnation attached as Exhibit I.22.

w. Samuel W. Cook granted by condemnation to the Des Moines Valley Railroad Company a right-of-way on March 2, 1869 located at Book A, Page 525 filed with the Dallas County Recorder of Deeds Office.  The parties have stipulated that this deed applies and is applicable to the following Claimants: 56B and 58. Condemnation attached as Exhibit I.23.

x. Isaac Warford, C.R.I.P. R.R. granted by condemnation to the Des Moines Valley Railroad Company a right-of-way on March 2, 1869 located at Book A, Page 527 filed with the Dallas County Recorder of Deeds Office.  The parties have stipulated that this deed applies and is applicable to the following Claimants: 59J, 60, 61B, 61C, 63, 64, 65, 66, 67 and 68A.  Condemnation attached as Exhibit I.24.

y. Jesse B. and Rhoda Hill granted by condemnation to the Des Moines Valley Railroad Company a right-of-way on April 12, 1869 located at Book S, Page

233 filed with the Dallas County Recorder of Deeds Office.  The parties have stipulated that this deed applies and is applicable to the following Claimants: 59J and 60.  Condemnation attached as Exhibit I.25.

z.  Sexton and Son granted by condemnation to the Des Moines Valley Railroad Company a right-of-way on March 2, 1869 located at Book A, Page 533 filed with the Dallas County Recorder of Deeds Office.  The parties have stipulated that this deed applies and is applicable to the following Claimant: 70. Condemnation attached as Exhibit I.26.

aa. H. Horsbake granted by condemnation to the Des Moines Valley Railroad Company a right-of-way on March 2, 1869 located at Book A, Page 571 filed with the Dallas County Recorder of Deeds Office.  The parties have stipulated that this deed applies and is applicable to the following Claimant: 73. Condemnation attached as Exhibit I.27.

bb. James McFarland granted by condemnation to the Des Moines Valley Railroad Company a right-of-way on March 2, 1869 located at Book A, Page 535 filed with the Dallas County Recorder of Deeds Office.  The parties have stipulated that this deed applies and is applicable to the following Claimants: 74A and 75. Condemnation attached as Exhibit I.28.

cc. Michael Shively granted by condemnation to the Des Moines Valley Railroad Company a right-of-way on March 2, 1869 located at Book A, Page 560 filed with the Dallas County Recorder of Deeds Office.  The parties have stipulated that this deed applies and is applicable to the following Claimants: 74B, 87, 88, 89A, 89B and 90.  Condemnation attached as Exhibit I.29.

dd. A.  Havey  granted  by  condemnation  to  the  Des  Moines  Valley  Railroad Company a right-of-way on March 2, 1869 located at Book A, Page 542 filed with the Dallas County Recorder of Deeds Office.  The parties have stipulated that this deed applies and is applicable to the following Claimants: 79B and 80. Condemnation attached as Exhibit I.30.

ee. An unknown party granted by condemnation to the Des Moines Valley Railroad Company a right-of-way on March 2, 1869 located at Book A, Page 546 filed with the Dallas County Recorder of Deeds Office.  The parties have stipulated that this deed applies and is applicable to the following Claimants: 82 and 83A. Condemnation attached as Exhibit I.31.

ff.  Sexton and Son granted by condemnation to the Des Moines Valley Railroad Company a right-of-way on March 9, 1871 located at Book A, Page 548 and 554 filed with the Dallas County Recorder of Deeds Office.  The parties have stipulated that this deed applies and is applicable to the following Claimants: 83B and 84A.  Condemnation attached as Exhibit I.32.

gg. Sexton and Son granted by condemnation to the Des Moines Valley Railroad Company a right-of-way on March 9, 1871 located at Book A, Page 551 filed with the Dallas County Recorder of Deeds Office.  The parties have stipulated that this deed applies and is applicable to the following Claimants: 83B, 84A, 84B and 85.  Condemnation attached as Exhibit I.33.

147. Among the relevant conveyances to Des Moines Valley Railroad Company are the following right-of-way deeds.  Most of the deeds were filed in the Dallas County Recorder of Deeds office, at the following Book and Page numbers:

a.   J. Leaming granted to the Des Moines Valley Railroad Company a right-of-way on November 25, 1868 located at Book Misc. A, Page 419 filed with the Dallas County Recorder of Deeds Office.   The parties have stipulated that this deed applies and is applicable to the following Claimant: 1.   Deed attached as Exhibit II.1.

b.   Thomas J. Barclay granted to the Des Moines Valley Railroad Company a right-of-way on December 22, 1868 located at Book Misc. A, Page 417 filed with the Dallas County Recorder of Deeds Office.   The parties have stipulated that this deed applies and is applicable to the following Claimants: 10A and 10B.   Deed attached as Exhibit II.2.

c.   Margaret A. McCain granted to the Des Moines Valley Railroad Company a right-of-way on January 4, 1869 located at Book A, Page 421 filed with the Dallas County Recorder of Deeds Office.   The parties have stipulated that this deed applies and is applicable to the following Claimants: 13A and 13B.   Deed attached as Exhibit II.3.

d.   F. Frush granted to the Des Moines Valley Railroad Company a right-of-way on February 3, 1869 located at Book A, Page 434 filed with the Dallas County Recorder of Deeds Office.   The parties have stipulated that this deed applies and is applicable to the following Claimants: 14C, 15A, 17, 44, 47A.   Deed attached as Exhibit II.4.

e.   Franklin S. Tovey granted to the Des Moines Valley Railroad Company a right-of-way on February 4, 1869 located at Book A, Page 438 filed with the Dallas County Recorder of Deeds Office.   The parties have stipulated that this deed

applies and is applicable to the following Claimant: 41A.  Deed attached as Exhibit II.5.

f.  D. Percival, et al., granted to the Des Moines Valley Railroad Company a right-of-way on February 13, 1869 located at Book A, Page 437 filed with the Dallas County Recorder of Deeds Office.  The parties have stipulated that this deed applies and is applicable to the following Claimants: 41C, 41D, 42, 43, 44, 45 and 46.  Deed attached as Exhibit II.6.

g.  Harrison Keely granted to the Des Moines Valley Railroad Company a right-of-way on December 3, 1869 located at Book A, Page 432 filed with the Dallas County Recorder of Deeds Office.  The parties have stipulated that this deed applies and is applicable to the following Claimants: 47B and 47C.  Deed attached as Exhibit II.7.

h.  T.R. North granted to the Des Moines Valley Railroad Company a right-of-way on January 18, 1869 located at Book A, Page 449 filed with the Dallas County Recorder of Deeds Office.  The parties have stipulated that this deed applies and is applicable to the following Claimant: 47L.  Deed attached as Exhibit II.8.

i.  Samuel G. Birdsall granted to the Des Moines Valley Railroad Company a right-of-way on December 5, 1868 located at Book A, Page 450 filed with the Dallas County Recorder of Deeds Office.  The parties have stipulated that this deed applies and is applicable to the following Claimants: 47M and 71.  Deed attached as Exhibit II.9.

j.  Mary Freeman granted to the Des Moines Valley Railroad Company a right-of-way on February 8, 1869 located at Book A, Page 433 filed with the Dallas

County Recorder of Deeds Office.  The parties have stipulated that this deed applies and is applicable to the following Claimant: 48.  Deed attached as Exhibit II.10.

k.   Isaac Keely granted to the Des Moines Valley Railroad Company a right-of-way on December 4, 1868 located at Book A, Page 431 filed with the Dallas County Recorder of Deeds Office.  The parties have stipulated that this deed applies and is applicable to the following Claimant: 51A.  Deed attached as Exhibit II.11.

l.   A.J. Lyon granted to the Des Moines Valley Railroad Company a right-of-way on January 14, 1869 located at Book A, Page 436 filed with the Dallas County Recorder of Deeds Office.  The parties have stipulated that this deed applies and is applicable to the following Claimant: 51B.  Deed attached as Exhibit II.12.

m.   Dawson Lyon granted to the Des Moines Valley Railroad Company a right-of-way on January 14, 1869 located at Book A, Page 428 filed with the Dallas County Recorder of Deeds Office.  The parties have stipulated that this deed applies and is applicable to the following Claimants: 59K, 61C, 68C, 68D, 69A, 69B and 69C.  Deed attached as Exhibit II.13.

n.   Elihu Lewis granted to the Des Moines Valley Railroad Company a right-of-way on December 22, 1868 located at Book A, Page 453 filed with the Dallas County Recorder of Deeds Office.  The parties have stipulated that this deed applies and is applicable to the following Claimants: 76A and 76B.  Deed attached as Exhibit II.14.

o.   Joseph B. Stewart granted to the Des Moines Valley Railroad Company a right-of-way on December 16, 1868 located at Book A, Page 448 filed with the

Dallas County Recorder of Deeds Office.  The parties have stipulated that this deed applies and is applicable to the following Claimants: 76D and 78.  Deed attached as Exhibit II.15.

p.  P.A. Jones granted to the Des Moines Valley Railroad Company a right-of-way on December 28, 1868 located at Book A, Page 446 filed with the Dallas County Recorder of Deeds Office.  The parties have stipulated that this deed applies and is applicable to the following Claimant: 86.  Deed attached as Exhibit II.16.

q.  Eleanor Otley granted to the Des Moines Valley Railroad Company a right-of-way on January 27, 1869 located at Book A, Page 454 filed with the Dallas County Recorder of Deeds Office.  The parties have stipulated that this deed applies and is applicable to the following Claimants: 91 and 92.  Deed attached as Exhibit II.17.

r.  Harvey Willis granted to the Des Moines Valley Railroad Company a right-of-way on January 27, 1869 located at Book A, Page 447 filed with the Dallas County Recorder of Deeds Office.  The parties have stipulated that this deed applies and is applicable to the following Claimants: 95A, 96 and 97A.  Deed attached as Exhibit II.18.

s.  Harvey Willis granted to the Des Moines Valley Railroad Company a right-of-way on January 2, 1869 located at Book A, Page 445 filed with the Dallas County Recorder of Deeds Office.  The parties have stipulated that this deed applies and is applicable to the following Claimants: 95B, 105, 106, 108, 109, 110, 111.  Deed attached as Exhibit II.19.

64

t.   John H. Willis granted to the Des Moines Valley Railroad Company a right-of-way on December 5, 1868 located at Book A, Page 451 filed with the Dallas County Recorder of Deeds Office.  The parties have stipulated that this deed applies and is applicable to the following Claimants: 105 and 106.  Deed attached as Exhibit II.20.

148.   On May 11, 2004, in this case, Union Pacific Railroad Company ("UP") filed an Abandonment Exemption with the STB, seeking to abandon a railroad line known as the Perry Subdivision located between milepost 296.8 near Waukee, Iowa to milepost 279.9 (equation milepost 275.9 = milepost 361.8) near Perry, Iowa and from milepost 361.8 to milepost 369.0 near Dawson, Iowa in Dallas County, Iowa, a distance of 28.1 miles ("the Railroad Line").  Attached as Exhibit A.

149.   UP stated the "Reasons For the Abandonment" was as follows:  "UP proposes to abandon the Line because the traffic which has  been generated recently at the stations of Waukee, Minbun, and Perry, is insufficient to support the expenses of day-today operations.  The opportunity costs of the current investment and projected future capital investment requirements are not economically justifiable. There has been no traffic on the segment between Perry and the end of the track at Dawson for several years.  The Line is not viewed as a viable location that will attract any major new rail-oriented industrial facilities in the future.  Based on the Verified Statement of Hans Matthissen, Senior Project Manager-Economic Research and Analysis for the UP, the Avoidable Loss from Operations for (a) the Base Year, April, 2003 to March 2004, is ($75,156.00) and (b) the Forecast Year,

June, 2004 to May 2005, is ($115,314.00).  *See* Proposed Abandonment dated 7-6-2004 at page 5.  Attached as Exhibit B.

150.   On July 19, 2004, Iowa Natural Heritage Foundation filed a Request for Issuance of a Public Use Condition and Notice of Interim Trail Use. *See*, letter from Iowa Natural Heritage Foundation dated 7-19-04.  Attached as Exhibit C.

151.   On July 28, 2004, UP filed a notice that it had received a Request for Issuance of a Public Use Condition and Notice of Interim Trail Use and was willing to negotiate with the Iowa Natural Heritage Foundation concerning the acquisition of the rail line.  *See*, Proposed Abandonment letter dated 7-28-2004.  Attached as Exhibit D.

152.   On October 25, 2004, the STB granted UP's exemption and issued a NITU. Attached as Exhibit E.

153.   Several extensions of the negotiation period ensued and on January 28, 2008, a Trail Use Agreement and **sale** of the railroad corridor was reached.  Attached as Exhibit F.

DATED:  July 1, 2011

BAKER STERCHI COWDEN
& RICE, L.L.C.


By  */s/ Thomas S. Stewart*
THOMAS S. STEWART
ELIZABETH G. MCCULLEY
2400 Pershing Road, Suite 500
Kansas City, MO 64108
(816) 471-2121
(816) 472-0288 (facsimile)
stewart@bscr-law.com
mcculley@bscr-law.com

CLASS COUNSEL

1040112v.1

## <u>CERTIFICATE OF SERVICE</u>

  I hereby certify that the above and foregoing was filed with the Clerk of the Court via ECF on this 1st day of July 2011, with a copy of the same being served via electronic mail (ECF) by the Clerk of the Court on this 1st day of July 2011, to:

Frank James Singer
U.S. Department of Justice
P.O. Box 663
Washington, D.C. 20044-0663
(202) 616-9409
(202) 305-0506 (facsimile)
frank.singer@usdoj.gov
ATTORNEY FOR DEFENDANT


      /s/ Thomas S. Stewart
      ATTORNEY FOR PLAINTIFFS

1040112v.1