**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| STEVE JENKINS, *et al.*, | ) |
| | ) |
| | ) No.  09-241 L |
| For Themselves and As Representatives of a | ) |
| Class of Similarly Situated Persons, | ) Judge Nancy B. Firestone |
| | ) |
| Plaintiffs, | ) *Electronically filed on July 12, 2012* |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF
MOTION FOR PARTIAL SUMMARY JUDGMENT
ON THE REMAINING 79 PARCELS**

**AND**

**PLAINTIFFS' RESPONSE TO DEFENDANT'S SECOND
CROSS-MOTION FOR PATIAL SUMMARY JUDGMENT**

**TABLE OF CONTENTS**

I.     INTRODUCTION ........................................................................................ 1

II.    DEFENDANT HAS NOW CONCEDED THAT SUMMARY
       JUDGMENT SHOULD BE ENTERED FOR AN ADDITIONAL
       19 PARCELS .............................................................................................. 2

III.   TWO PARCELS, 47.K AND 77, ARE PRESCRIPTIVE EASEMENTS
       OBTAINED BY ADVERSE POSSESSION .......................................................... 7

IV.    PARCELS 26.B AND 29 IN DALLAS CENTER AND PARCELS 98.B,
       103, AND 104 IN PERRY ARE PART OF THE DEPOT GROUNDS
       AND ARE ADJACENT TO THE RIGHT-OF-WAY, NOT ADJACENT
       TO THE DEPOT GROUNDS AS DEFENDANT ARGUES ................................... 8

V.     A RECALIBRATION FOR PARCELS 97.A, 97.B, 97.C
       AND 97.D IS NECESSARY ........................................................................ 10

VI.    THE CITY OF DALLAS CENTER ADVANCES VALID CLAIMS
       FOR PARCELS 15.A–15.F, AND DEFENDANT'S ATTEMPTED
       LECTURE ON JUST COMPENSATION FOR THOSE
       PARCELS IS PREMATURE AT BEST ........................................................... 11

VII.   CONCLUSION ......................................................................................... 13

# TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page(s)**

*Drake v. Chicago, R.I. and R.R. Co.*, 19 N.W. 215 (Iowa 1884) ..............................7

*Gates v. Colfax Northern Railway Co.*, 159 N.W. 158 (Iowa 1916) ........................7

*Lowers v. United States*, 663 N.W. 2d 408 (Iowa 2003)...........................................9

*Rhutasel v. United States*, Case No. 09-121L.............................................................5

*Shimanek v. Chicago, M & St. P. Ry. Co.*, 152 N.W. 574 (Iowa 1915) .....................7

I.   **INTRODUCTION**

This lawsuit involves 241 parcels of land adjacent to an abandoned railroad corridor in Dallas County, Iowa. The Court previously granted Plaintiffs' Motion for Partial Summary Judgment pertaining to 109 parcels on December 20, 2011 (D.E. 73). Because Plaintiffs agreed to dismiss 53 parcels, there were 79 parcels still at issue following the Court's Order. The Court then established a timetable for briefing on the remaining parcels (D.E. 78) and Plaintiffs' second motion for partial summary judgment on the remaining 79 parcels was filed on April 9, 2012 (D.E. 83, 84). Plaintiffs then filed supplemental proposed findings of uncontroverted fact, which narrowed the issues considerably, on June 1, 2012 (D.E. 92). Defendant filed its response and second cross-motion pertaining to the remaining parcels in dispute on July 6, 2012 (D.E. 93).

There were originally 79 parcels with continuing factual objections or legal issues remaining after the Court's Order. Plaintiffs added one parcel, 15.F, and agreed to dismiss 29 parcels in the supplemental proposed findings of fact filed on June 1, 2012 (D.E. 92), leaving 51 parcels still at issue. The Defendant has now agreed that 19 parcels fall within the scope of the Court's Order on liability, which leaves 32 parcels that need a ruling from the Court.[1] Although the Defendant conceded that 19 parcels fall within the scope of the Court's Order, the Defendant did not follow the structure of Plaintiffs' motion and attempted to address many parcels in different sections. As a result, Plaintiffs now respond as follows:

   A. Plaintiffs identify the 19 parcels where Defendant has conceded liability and will discuss parcels where either the Defendant attempted to limit the extent of liability or did not concede liability and should have, discussed in Section II *infra*;

   B. Plaintiffs identify the 2 parcels where Defendant did not concede that the railroad obtained a prescriptive easement, parcels 47.K and 77, discussed in Section III *infra*;

---

[1] Since 7 of the remaining 32 parcels involve landowners adjacent to former depot grounds in Perry, there are actually 25 parcels addressed in this reply brief. The 7 parcels adjacent to the former depot grounds in Perry are 98.A, 99.B, 100.A, 101.A, 101.B and 107.

1

    C. Plaintiffs identify 2 parcels in Dallas Center, 26.B and 29, and 3 parcels in Perry, 98.B, 103 and 104, that were part of the former depot grounds, discussed in Section IV *infra*;

    D. Plaintiffs identify the 4 parcels in Perry that are simply adjacent to the right-of-way, 97.A, 97.B, 97.C, and 97.D, that are beyond the purview of the deed for depot grounds, discussed in Section V *infra*; and

    E. Plaintiffs identify and address the 6 parcels owned by Dallas Center, 15.A–15.F, the claimant and ultimate trail operator, discussed in Section VI *infra*.

## II. DEFENDANT HAS NOW CONCEDED THAT SUMMARY JUDGMENT SHOULD BE ENTERED FOR AN ADDITIONAL 19 PARCELS

Although Defendant's brief contains a hodgepodge of interesting interpretations of fact and law pertaining to many parcels, the Defendant has not cross-moved for summary judgment with respect to 19 parcels and, in fact, "agrees" that certain claims "fall within the scope of this Court's December 20, 2011, order: 4.D, 8 (as to the one-sixth interest of S. Suzanne Yates), 26.A (south of Sycamore Street in Dallas Center), 27 (in the northeast quarter of section 2), 30,[2] 31.A, 31.B, 37, 38, 41.D, 42, 43, 59.A, 59.H (northerly portion), 64, 68.A, 82, 105, 106, and 124 (as to section 26)." Def's Br. at 2. Defendant attempted to qualify its concession with respect to Claim Nos. 8 and 124 and Plaintiffs will respond herein. In addition, Plaintiffs will address Claim No. 83.A where Defendant incorrectly claims that the wrong original source conveyance was identified. Finally, Plaintiffs will discuss Claim Nos. 59.H, 59.J and 59.K where Defendant identifies an intervening parcel also owned by Claimant 59.

**Claim No. 8:**

Defendant complains that Plaintiffs improperly identified Mary Leigh Morris as a claimant and that Defendant's liability is limited to the one-sixth interest of S. Suzanne Yates. Def.'s Br. at 13. The bottom line is that Plaintiffs agree that Mary Leigh Morris is not a proper

---

[2] Defendant actually lists 20 parcels, including Claim No. 30. However, Claim No. 30 was voluntarily dismissed in Plaintiffs' Supplemental Proposed Findings of Uncontroverted Facts filed on June 1, 2012. (D.E. 92, ¶2). As a result, Plaintiffs refer to 19 parcels where Defendant has conceded liability rather than 20 listed in Defendant's brief.

2

claimant and informed the Defendant of that fact over 9 months ago. At that time, Plaintiffs gave all of the documents and deeds evidencing all of the proper owners of Claim No. 8 on the date of the NITU. Plaintiffs simply did not update their chart identifying all of the proper claimants when they filed the chart with the Court, and that mistake was then simply haphazardly repeated, for which Plaintiffs apologize. As noted in Plaintiffs' FOF, D.E. 85, ¶ 3 to their Motion for Partial Summary Judgment on the remaining 79 parcels, Plaintiffs properly identified the proper claimants (and did not include Mary Leigh Morris).

Specifically, Plaintiffs properly identified John Charles Morris, Carol Sue Hilton, Marilyn Marie Dowell, S. Suzanne Yates, and D. Merold Yates as the proper claimants. All of the proper claimants were actually identified in Plaintiffs' information contained in the JSR (D.E. 76) filed on January 20, 2012. All of the supporting documents, including all of the deeds, evidencing all of the various landowners' interests on the date of the taking, were provided to Defendant long ago and were also attached to Plaintiffs' FOF, Exhibit 8.4. Plaintiffs were fee owners of this property, identified as Parcel Identification No. 12-18-300-004, on the October 25, 2004 NITU date. Finally, the applicable railroad source conveyance deed for this parcel is the Beldon deed, Book A, Page 490, an easement deed for railroad purposes only pursuant to the Court's Order.

The Defendant's argument that the government is only liable for a one-sixth interest and that only one of the claimants may receive compensation is without merit. Plaintiffs provided all of the necessary documentation evidencing all the ownership interests in this parcel and, because one claimant may opt in for everyone, all owners should prevail on the entire interest in the parcel. Of note, Carol Sue Hilton signed an Enrollment Form prior to the class closing, which was also provided to the Defendant in October of 2011 when the proper claimants were

3

corrected. As instructed on the Enrollment Form, "if you owned the land with another person or entity, it is only necessary that one of the owners sign this form…," therefore, the claim for this entire parcel has been properly and timely asserted.

**Claim No. 124:**

Defendant has now conceded that the portion of parcel 124 in Section 26 is an easement and falls within the scope of this Court's December 20, 2011 Order, Def.'s Br. at 2. But, Defendant now claims that "Plaintiffs provide no deed or instrument evidencing Union Pacific's ownership in the rail corridor" as to Section 23, Def.'s Br. at 12. So, since the Defendant didn't look very hard, Plaintiffs attach the deed located at Book A, Page 452, which covers the southeast quarter of Section 23, attached hereto as Exhibit A (Rawson deed). Exhibit A is clearly an easement deed limited to railroad purposes only pursuant to the Court's December 20, 2011 Order and Defendant should remove any purported restriction on parcel 124 with respect to that portion of it located in Section 23.

**Claim No. 83.A:**

Defendant apparently continues to object to parcel 83.A. The parties agree that the parcel is in the northeast quarter of section 22. The Defendant stipulated to ownership and adjacency and the Plaintiffs identified the applicable source conveyance as the condemnation located at Book A, Page 546, which applies to the northeast quarter of section 22. Defendant now states that "Plaintiffs proffer an incorrect source deed or instrument" because the county assessor's report contains a notation that the parcel is "NE NW W of RR," meaning that the county assessor lists the parcel in the northwest quarter of section 22 rather than the northeast quarter of section 22. Def.'s Br. at 12. The assessor's parcel report is a non-legal and non-binding parcel report used for tax purposes and production is actually not even required for Plaintiffs to meet their

burden of proof.  *See Rhutasel v. United States*, Case No. 09-121L, Opinion and Order June 22, 2012, D.E. 80 at 8-9.

The ownership deed describes and refers to the NE quarter of section 22.  The map shows that the parcel is adjacent to the railroad corridor in the northeast quarter of section 22 and the Defendant has stipulated that the parcel is adjacent.  The county assessor's report simply has it wrong and the Defendant knows it is wrong.  In any event, Plaintiffs have met their burden of establishing that they owned the land on the date of the NITU adjacent to the rail line.  Specifically, Plaintiffs provided a copy of the deed whereby the landowner purchased the parcel with the appropriate legal description, which is evidence that the parcel was adjacent to the railroad corridor.  Plaintiffs have also provided the appropriate original source conveyance establishing the fact that the railroad received a condemnation and have also provided a parcel map showing the location of the parcel adjacent to the railroad corridor.  The Defendant is merely playing a game.

**Claim Nos. 59.A, 59.H, 59.J, and 59.K:**

The Defendant has admitted that parcel 59.A falls within the scope of this Court's December 20, 2011 Order.  *See* Def.'s Br. at 2.  In fact, Defendant's concession with respect to parcel 59.A is why parcels 59.B, 59.C, 59.D, 59.E, 59.F, 59.G and 59.I were dismissed in Plaintiffs' supplemental proposed findings of uncontroverted facts filed on June 1, 2012 (D.E. 92).[3]

With respect to parcel 59.H, Defendant admits that the northerly portion falls within the scope of this Court's December 20, 2011 Order but states that the southerly portion adjoins land

---

[3]  Claimant 59.A is parcel 0708157002, in Section 8, that includes the original depot grounds and the narrow strip to the north.  Plaintiffs need to add parcel 0707229001 as part of 59.A because it is the continuation of the narrow strip to the north within Section 7.  The Dallas County GIS map and ownership documents for parcel 0707229001 are attached hereto as Exhibit B.

5

that the Union Pacific owned in fee. *See* Def.'s Br. at 2, 9. The map of parcel 59.H is included as PFOF Ex. 59.H.3 and DFOF Ex. 40. In each map, since it is the same map, the northerly portion is clearly adjacent to the right-of-way and falls within the scope of the Court's Order and the southerly portion is adjacent to the depot grounds, which is owned by the same landowner and identified as parcel 59.A.

With respect to parcels 59.J and 59.K, the Defendant is entirely inconsistent. Parcel 59.J (07-07-230-005) is located in the northeast quarter of section 7 and is clearly beyond the depot grounds. Defendant maintains that Plaintiffs "stipulated that book S, page 233 applies to claim 59.J." *See* Def.'s Br. at 10. However, Plaintiffs correctly pointed out that parcel 59.J is beyond the depot grounds, that the original source deed for the original right-of-way is Book A, Page 527, and the Court's Opinion should have already resolved any issue remaining with respect to this parcel. *See* Pls'. Br. at 11.

With respect to parcel 59.K, which is in section 6, way north of any depot grounds, Defendant maintains that it is not adjacent to the rail corridor. Def.'s Br. at 11. There is, in fact, a small sliver of land, parcel No. 0706400004, in between parcel 59.K and the railroad corridor. But, in reality, it makes absolutely no difference because Claimant 59 owns both. When viewing the unenlarged maps, it first appears that parcel 59.K extends narrowly into the corridor but, when the maps are enlarged, the narrow strip is indeed a separate parcel owned by Claimant 59. Although parcel 0706400003 (59.K) is in fact separated from the rail corridor by parcel 0706400004, parcel 0706400004 should be added to parcel 59.A because it is merely the continuation of the narrow strip of 59.A as it passes to the north through Section 8, then Section 7 (parcel 0707229001), and now Section 6. Parcel 59.K will still be part of the "larger" parcel

for appraisal purposes anyway. The assessor maps and ownership documents for both 0706400003 and 0706400004 are attached hereto as Exhibit C.

### III. TWO PARCELS, 47.K AND 77, ARE PRESCRIPTIVE EASEMENTS OBTAINED BY ADVERSE POSSESSION

Plaintiffs identify two parcels, 47.K and 77, as parcels that were obtained by the railroad by neither condemnation or deed. In support of the fact that no condemnation or deed existed, Plaintiffs produced the original NARA maps which clearly showed that no original source conveyance documents existed and, then, upon Defendant's request, went ahead and procured complete chains of title for both parcels that confirmed there was no source conveyance to the railroad.

Plaintiffs cited three cases, *Gates v. Colfax Northern Railway Co.*, 159 N.W. 158 (Iowa 1916), *Shimanek v. Chicago, M & St. P. Ry. Co.*, 152 N.W. 574 (Iowa 1915), and *Drake v. Chicago, R.I. and R.R. Co.*, 19 N.W. 215 (Iowa 1884) for the proposition that the railroad acquired a prescriptive easement. Defendant attempts to distinguish the three cases from the Iowa Supreme Court, without any contrary authority whatsoever, and states that "*Gates* held that a railroad can only establish prescriptive rights by proving the elements of adverse possession, including actual notice of a hostile claim to the landowner." Def.'s Br. at 13, citing *Gates*, 159 N.W. at 463. Defendant does not identify the elements of adverse possession/prescriptive easement that are apparently lacking, but it is hard to imagine a more open and obvious and hostile claim adverse to a landowner than railroad tracks and a railroad running right through their land. Defendant's gamesmanship should simply stop on this issue.

### IV. PARCELS 26.B AND 29 IN DALLAS CENTER AND PARCELS 98.B, 103, AND 104 IN PERRY ARE PART OF THE DEPOT GROUNDS AND ARE ADJACENT TO THE RIGHT-OF-WAY, NOT ADJACENT TO THE DEPOT GROUNDS AS DEFENDANT ARGUES

The issue of whether the railroad originally received the depot grounds as an easement or in fee was discussed at length in Plaintiffs' original brief.[4] There were 4 parcels in Dallas Center which were identified as part of the former depot grounds, parcels 26.A, 26.B, 27, and 29.[5] Defendant conceded liability for a portion of parcel 26.A (south of Sycamore Street) and a portion of parcel 27 (in the northeast quarter of section 2),[6] but claimed that parcels 26.B and 29 either "do not adjoin the rail corridor" or adjoin the depot grounds that the railroad owned in fee.[7]

Parcel 26.A is both north and south of Sycamore Street in Dallas Center. *See* Exhibit C, parcel map of downtown Dallas Center, which was attached to Plaintiffs' original motion. The southern part of parcel 26.A, south of Sycamore Street, is part of the former depot grounds and Defendant has admitted liability. The portion of parcel 26.A north of Sycamore Street is actually separated from the right-of-way by parcel 27 and Defendant has admitted liability for that portion of parcel 27 as well. Plaintiffs have no qualms with Defendant's characterization of parcels 26.A and 27. However, Defendant's characterization that parcel 26.B does not adjoin the rail corridor (Def.'s Br. at 11) and that parcel 29 adjoins the depot grounds (Def.'s Br. at 6) is incorrect because both parcels are actually part of the depot grounds and not adjacent to the depot grounds, just like parcels 26.A and 27.

---

[4] *See* D.E. 84, section IV.A, pgs. 21-24.
[5] *See* D.E. 84, section V.C, pgs. 33-34.
[6] *See* Def.'s Br. at pg. 2.
[7] Defendant claims parcel 26.B does not adjoin the rail corridor on page 11 of Defendant's brief and claims that parcel 29 adjoins the depot grounds owned in fee by the railroad on page 6 of Defendant's brief.

The issue in Perry is similar, with one twist concerning the three parcels in section 10. Plaintiffs identified five parcels that were part of the former depot grounds in Perry, 98.B, 103, 104, 105, and 106. Parcels 105 and 106 are part of the former depot grounds in section 9 and the Defendant has admitted liability for those two parcels. *See* Def.'s Br. at 2. Parcels 98.B, 103, and 104 are in section 10, not section 9, and Defendant claims that parcels 98.B, 103, and 104 fail because the railroad owned the depot grounds in fee by virtue of the deed located at Book S, Page 235. Defendant sites *Lowers v. United States*, 663 N.W. 2d 408 (Iowa 2003) for the proposition that the railroad owned the depot grounds in fee. *See* Def.'s Br. at 7.

The right-of-way in Perry passes through section 15, a small corner of section 10, and then through section 9. Grantor Willis, who owned the entire area, clearly granted an easement to the railroad through section 15 in the deed located at Book A, Page 447. Grantor Willis also clearly conveyed an easement to the railroad through section 9 in the deed located at Book A, Page 451. The deed for depot grounds located at Book S, Page 235 contains a metes and bounds description near the southwest corner of section 10 and refers to the "depot grounds of the Des Moines Valley Railroad indicated as such on the recorded plat" for the town of Perry. The NARA maps for section 10, attached hereto as Exhibit D, site the deed located at Book A, Page 451 as applying to section 10, the original right-of-way, even though the deed clearly refers to section 9. Plaintiffs are unaware of any other original source conveyance for the original right-of-way.

Parcels 98.B, 103, and 104 are clearly part of the former depot grounds. They should frankly be treated just like parcels 105 and 106, in section 9, that are also part of the former depot grounds. In fact, parcels 98.B, 103, and 104 in Perry should be treated just the same as parcels 26.A and 27 in Dallas Center, that are also part of the former depot grounds. Defendant's

attempt to merge the grant for depot grounds with the original right-of-way, so as to claim that the railroad owned the original right-of-way in fee, must fail under both logic and law.

## V. A RECALIBRATION FOR PARCELS 97.A, 97.B, 97.C AND 97.D IS NECESSARY

Parcels 97.A, 97.B, 97.C, and 97.D are in the town of Perry. Plaintiffs initially identified parcel 97.A as a parcel in section 15 that should have been resolved pursuant to the Court's Order. See Pls'. Br. at 13. Plaintiffs then claimed that parcels 97.B, 97.C, and 97.D were beyond the depot grounds in Perry as set forth in the deed located at Book S, Page 235. The issue was exacerbated by the fact that Exhibit B, attached to Plaintiffs' original motion, incorrectly mapped parcel 97.B.[8] Defendant's position was that the deed located at Book S, Page 235 conveyed fee ownership to the railroad and that the railroad's "fee ownership manifest [sic] in book S, page 235 frustrates these claims." Def.'s Br. at 7.

Plaintiffs have remapped parcels 97.A, 97.B, 97.C and 97.D and attached the revised map hereto as Exhibit E. Parcel 97.A is parcel 0215102004 in section 15. It is clearly beyond the reach of the deed located at Book S, Page 235 and, as previously stated by the Plaintiffs, the deed located at Book A, Page 447 conveyed an easement to the railroad limited to railroad purposes pursuant to the Court's Order of December 20, 2011. Parcel 97.B is parcel 0210368005, parcel 97.C is parcel 0210368004, and parcel 97.D is parcel 0210369006. All three parcels, 97.B, 97.C, and 97.D, are in the extreme southwest corner of section 10. Although the deed located at Book S, Page 235 applies to the depot grounds within section 10, the depot grounds in section 10 pursuant to the deed located at Book S, page 235 end at Estella Street as shown on the large parcel map for the town of Perry, the original plat map for Perry, and the NARA maps. Since parcels 97.B, 97.C, and 97.D are all south of Estella Street, they are beyond the reach of the deed

---

[8] Exhibit B to Plaintiffs' original motion identified parcel 97.A as 97.B and failed to correctly identify parcel 97.B.

10

for depot grounds located at Book S, Page 235 and are clearly adjacent to the original right-of-way.

### VI. THE CITY OF DALLAS CENTER ADVANCES VALID CLAIMS FOR PARCELS 15.A–15.F, AND DEFENDANT'S ATTEMPTED LECTURE ON JUST COMPENSATION FOR THOSE PARCELS IS PREMATURE AT BEST

The Defendant first attempts to defeat the parcels owned by Dallas Center because Dallas Center is allegedly a "successor-in-interest to Union Pacific." Def.'s Br. at 15. That attempted argument is ridiculous. Although the definition of the class does exclude successors-in-interest to the railroad, the City of Dallas Center is not a "successor-in-interest" to the railroad under any common definition of that phrase. The City of Dallas Center has never run a railroad and has no intention of running a railroad in the future.

Defendant goes on to state that "Plaintiffs construct a narrative, unsupported by evidence or declaration that Dallas County foisted railbanking on an unwilling Dallas Center." Def.'s Br. at 15. After attempting to argue that Dallas Center was the successor-in-interest to Union Pacific and it therefore does not make any difference whether Dallas Center was a willing or unwilling participant in the railbanking process, Defendant states that Dallas Center had as a goal "the acquisition and development of this right-of-way into a recreation trail which will benefit the citizens of the community." Def.'s Br. at 16. Finally, Defendant states that Dallas Center embraced the trail on the belief that it would "promote economic development for the businesses and communities along the way — while building pride, tourism appeal and local quality of life." *Id*. SO WHAT — all of that may be true but none of it matters. The parcels owned by Dallas Center on the NITU date were "taken" on the date of the NITU and, even though Dallas Center ultimately acquired the right to build a trail after the land was passed from the Iowa National Heritage Foundation to Dallas County, the fact that Dallas Center ultimately became the trail

11

operator has no bearing on the fact that their rights were taken when the NITU was issued. For example, Dallas Center would not now be allowed to build a wastewater facility (15.A), a swimming pool (15.B), or a library (15.D) on the right-of-way, let alone the fact that the right-of-way is now perpetually railbanked and burdened with the possible reactivation of the railroad.

Although Defendant does not make any specific objections to parcels 15.A, 15.C, 15.E, or 15.F,[9] objections are advanced with respect to parcels 15.B and 15.D. With respect to parcel 15.B, Defendant states that it does not adjoin the rail corridor. Def.'s Br. at 11. In fact, Defendant attaches the same parcel map (Exhibit 30 of Def.'s FOF) that Plaintiffs provided (Exhibit 15.B.3) that shows an intervening alley between parcel 15.B and the right-of-way. However, the alleged intervening alley is also owned by Dallas Center as part of parcel 15.F and would be merged into parcel 15.B as part of the larger parcel. With respect to parcel 15.D, Defendant states that a portion of parcel 15.D does not adjoin the corridor because it adjoins the depot grounds instead. Def.'s Br. at 6. The problem is that parcel 15.D does not "adjoin the depot grounds" but, instead, <u>is part of the depot grounds</u> and is clearly adjacent to the railroad corridor.

Finally, the Defendant argues that, apparently in the alternative, that the ultimate determination of just compensation for the parcels owned by Dallas Center "will differ markedly from the just compensation determination for other claimants in this lawsuit." Def.'s Br. at 17. There may well be a difference in the before and after scenarios for those parcels owned by Dallas Center during the appraisal process, but that issue will need to be determined by an appraiser or competing appraisers.

---

[9] Defendant does point out that the correct original source deed for parcels 15.E and 15.C is Book A, Page 492, clearly an easement limited to railroad purposes pursuant to the Court's Order. *See* Def.'s Br. at 12, fn. 2.

VII.   CONCLUSION

Plaintiffs are entitled to summary judgment as to the 19 parcels conceded by the Defendant, as well as parcels 83.A, 59.J, and 59.K.  Plaintiffs are also entitled to summary judgment for those parcels adjacent to the right-of-way where the railroad initially obtained easements by prescription, for those parcels adjacent to the right-of-way that are part of the former depot grounds, for those parcels that are simply adjacent to the right-of-way beyond the depot grounds, and for those parcels owned by the City of Dallas Center.

Respectfully submitted by:

BAKER STERCHI COWDEN & RICE, L.L.C.


By      /s/ Thomas S. Stewart
Thomas S. Stewart
Elizabeth McCulley
2400 Pershing Road, Suite 500
Kansas City, MO 64108
(816) 471-2121
(816) 472-0288 (facsimile)
stewart@bscr-law.com
mcculley@bscr-law.com
-and-

Steven M. Wald
J. Robert Sears
1010 Market Street, Suite 950
St. Louis, MO 63102-1708
(314) 231-2925
(314) 231-4857 (facsimile)
wald@bscr-law.com
sears@bscr-law.com
ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

   I hereby certify that the above and foregoing was filed with the Clerk of the Court via ECF on this 12th day of July, 2012 with a copy of the same being served via electronic mail (ECF) by the Clerk of the Court on this 12th day of July, 2012, to:

Frank James Singer
U.S. Department of Justice
P.O. Box 663
Washington, D.C.  20044-0663
(202) 616-9409
(202) 305-0506 facsimile
Frank.singer@usdoj.gov

ATTORNEY FOR DEFENDANT

             _____*s/ Thomas S. Stewart*_____
             ATTORNEYS FOR PLAINTIFFS