IN THE UNITED STATES COURT OF FEDERAL CLAIMS

|  |  |
|---|---|
| STEVE JENKINS, *et al.*, | ) |
| | ) |
| | ) No.  09-241 L |
| For Themselves and As Representatives of a | ) |
| Class of Similarly Situated Persons, | ) Judge Nancy B. Firestone |
| | ) |
| Plaintiffs, | ) *Electronically filed on December 28, 2012* |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**PLAINTIFFS' MOTION FOR RECONSIDERATION**
**CONCERNING PARCELS 26.A, 27, 29, 98.B, 103, 104, 105, AND 106**

The Court issued its Opinion on the remaining "18 parcels of land" on December 21, 2012 (D.E. 115).  With respect to the 8 parcels in Dallas Center and Perry involving former depot grounds, the Court concluded that "the railroad right-of-way easements have been extinguished under Iowa's law of merger and therefore issuance of the NITU did not give rise to a taking."[1]  The Court ultimately granted Defendant's cross-motion for summary judgment as to the depot grounds with respect to parcels 103, 105, and 106[2] and denied the Defendant's cross-motion with respect to parcels 26.A, 27, 29, 98.B, and 104 because "the Railroad may have conveyed portions of its property within its one hundred foot right-of-way to some of the plaintiffs or their predecessors."[3]

This Court, in reaching its ultimate conclusion, stated that "the right-of-way easements were extinguished upon the granting of subsequent fee deeds and that therefore the Railroad held

---

[1] *See* Opinion, D.E. 115, at p. 9.
[2] *See* heading *infra* concerning "Alternative Reconsideration of Parcels 103, 105, and 106 is Warranted In Any Event."
[3] *See* Opinion, D.E. 115, at p. 10.

1

the corridor in fee."[4]  That statement is only true so long as unity of title exists.  But, when the railroad subsequently conveyed the depot grounds and unity of title no longer exists, the right-of-way is then owned in fee by the purchaser of the depot grounds subject to the right-of-way easement — the railroad does not continue to own the right-of-way in fee.  That result is actually mandated by the authority cited by the Court.

The only authority for the "merger" concept cited by the Defendant and relied upon by the Court was *Gray v. Osborn*, 739 N.W.2d 855, 862 (Iowa 2007) and *Feilhaber v. Swiler*, 212 N.W. 417, 418 (Iowa 1927).  In fact, however, under Iowa's law of merger, although easements are extinguished when the dominant and servient estates merge, and no easement exists so long as there is a unity of ownership, once the railroad sold the depot grounds and the dominant and servient estates are severed, the railroad's easement for the right-of-way exists again under Iowa's law of merger under the clear holding by the Iowa Supreme Court in *Feilhaber*.  In *Feilhaber*, the Iowa Supreme Court specifically stated:

> It is, however, contended by the appellant that, <u>on the reconveyance of the dominant estate to Bailey while still the owner of the servient estate, there was a merger by reason of the unity of title in fee to both tracts in Bailey</u>, with consequent unity of possession and enjoyment, <u>and an extinguishment of the easement.  This would be true as long as Bailey continued the owner of both tracts</u>.
>
> "No easement exists so long as there is a unity of ownership, because the owner of the whole may, at any time, rearrange the qualities of the several parts." *Marshall Ice Co. v. LaPlant*, 136 Iowa, 621, 111 N.W. 1016, 12 L. R. A. (N.S.) 1073.
>
> <u>But Bailey, by the conveyance to Chandler of the tract in which the easement had existed, severed the dominant from the servient estate</u>.  In the case last cited we further said:
>
> <u>"But the moment a severance occurs, by the sale of a part, the right of the owner to redistribute the properties of the respective portions ceases, and easements or servitudes are created, corresponding to the benefits and burdens mutually</u>

---

[4] *Id.*

existing at the time of the sale. This is not a rule for the benefit of purchasers only, but is entirely reciprocal. Hence if, instead of a benefit conferred, a burden has been imposed upon the portion sold, the purchaser, provided the marks of this burden are open and visible, takes the property with the servitude upon it."

*Feilhaber*, 212 N.W. at 418 (emphasis added).

Under this example, the dominant estate is the depot grounds and the servient estate is the right-of-way. Under *Feilhaber*, when the railroad acquired the depot grounds there was a merger of the dominant and servient estates by reason of the unity of title to both tracts in the railroad. That merger remained in place so long as the railroad continued to be the owner of both tracts. But, under *Feilhaber*, when the railroad conveyed the dominant estate to the adjacent landowners, the railroad severed the dominant estate from the servient estate. When that occurred, the railroad lost its right "to redistribute the properties of the respective portions" (the dominant and servient estates) and, since the merger rule "is not a rule for the benefit of purchasers only, but is entirely reciprocal," the "burden" (the right-of-way) was imposed upon the portion sold (the land owned by the adjacent landowners) and the landowners took the property in fee to the centerline of the right-of-way "with the servitude upon it."

The "merger" doctrine set forth in *Feilhaber* is actually totally consistent with the centerline presumption, the strip and gore doctrine, and Sections 327G.76 and 327G.77 of the Iowa Code. First, when the railroad granted the depot grounds to the current adjacent landowners, the centerline presumption mandates the railroad also granted the original right-of-way in fee to the centerline of the original 100 foot right-of-way. When a railroad grants a parcel of land adjacent to the right-of-way to a landowner, they grant the underlying fee in the railroad right-of-way to the landowner to the centerline of the right-of-way — there should be, and is, no difference between a grant by a landowner and a grant by a railroad. Second, otherwise, the railroad would haphazardly own a few portions of the right-of-way in fee, which were originally

easements for railroad purposes only, and that would violate the longstanding strip and gore doctrine. The strip and gore doctrine abhors the ownership in fee of narrow strips of ground, such as a railroad's right-of-way, because it is against public policy, fosters litigation, and clouds title — and that is exactly the argument advanced by the Defendant. Third, Sections 327G.76 and 327G.77 of the Iowa Code define the property interests that adjacent landowners take upon a railroad's abandonment of its right-of-way and, when the right-of-way is abandoned, the property passes to the adjacent landowners — a result that is entirely consistent with *Feilhaber*, the centerline rule, and the strip and gore doctrine.

In short, the merger doctrine works both ways and is reciprocal. So, when the railroad as purchaser acquired the dominant estate, the right-of-way and the depot grounds were merged but, when the railroad sold the depot grounds and severed the dominant estate from the servient estate, the purchaser, in this case the adjacent landowners, acquired the land subject to the railroad's easement for railroad purposes with respect to the right-of-way. As a result, Plaintiffs respectfully request that the Court reconsider its analysis and ultimate conclusion with respect to parcels 26.A, 27, 29, 98.B, 103, 104, 105, and 106.

<u>Alternative Reconsideration of Parcels 103, 105, and 106 is Warranted In Any Event</u>

After analyzing and discussing all 8 of the parcels in this category, this Court ultimately granted the Defendant's Motion for Summary Judgment as to claims 103, 105, and 106 and denied the Defendant's motion as to claims 26.A, 27, 29, 98.B, and 104. This Court denied the Defendant's motion as to claims 26.A, 27, 29, 98.B, and 104 because the Court concluded that "some of the deeds, however, reveal that the Railroad may have conveyed portions of its property within its one hundred foot right-of-way to some of the Plaintiffs or their predecessors." The fact is, however, that not only are portions of parcels 26.A, 27, 29, 98.B and 104 within the

railroad's original 100 foot right-of-way, but portions of parcels 103, 105, and 106 are also within the railroad's original 100 foot right-of-way.

All 3 parcels, parcels 103, 105, and 106, are in Perry. Parcels 103, 105, and 106 are on the same side of the right-of-way as parcel 98.B and a portion of parcels 103, 105, and 106 contain portions of the railroad's original 100 foot right-of-way just like parcel 98.B does.[5] As a result, even under the Court's analysis and discussion where the Court ultimately denied the Defendant's motion with respect to parcels 26.A, 27, 29, 98.B, and 104, the Court should reconsider its conclusion with respect to parcels 103, 105, and 106 and should deny the Defendant's motion as to those parcels as well.

Respectfully submitted by:

BAKER STERCHI COWDEN & RICE, L.L.C.

By  */s/ Thomas S. Stewart*
Thomas S. Stewart
Elizabeth McCulley
2400 Pershing Road, Suite 500
Kansas City, MO 64108
(816) 471-2121
(816) 472-0288 (facsimile)
stewart@bscr-law.com
mcculley@bscr-law.com

---

[5] The map showing that parcels 103, 105, and 106 contain portions of the railroad's original 100 foot right-of-way was originally attached as Exhibit B to Plaintiff's Memorandum in Support of Motion for Partial Summary Judgment on the Remaining 79 Parcels (D.E. 84). Individual parcel maps for parcels 103, 105, and 106 were also included in Plaintiffs' FOF and were shown and discussed during oral argument.

-and-

Steven M. Wald
J. Robert Sears
1010 Market Street, Suite 950
St. Louis, MO 63102-1708
(314) 231-2925
(314) 231-4857 (facsimile)
wald@bscr-law.com
sears@bscr-law.com
ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

      I hereby certify that the above and foregoing was filed with the Clerk of the Court via ECF on this 28th day of December, 2012 with a copy of the same being served via electronic mail (ECF) by the Clerk of the Court on this 28th day of December, 2012, to:

Frank James Singer
U.S. Department of Justice
P.O. Box 663
Washington, D.C.  20044-0663
(202) 616-9409
(202) 305-0506 facsimile
Frank.singer@usdoj.gov

ATTORNEY FOR DEFENDANT

                                  _____*s/ Thomas S. Stewart*_____
                                  ATTORNEYS FOR PLAINTIFFS