## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| STEVE JENKINS,  *et al.*, | ) |
| | ) No.   09-241 L |
| For Themselves and As Representatives of a | ) |
| Class of Similarly Situated Persons, | ) Judge Nancy B. Firestone |
| | ) |
| Plaintiffs, | ) *Electronically filed on January 23, 2013* |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF PLAINTIFFS'
MOTION FOR RECONSIDERATION CONCERNING PARCELS
26.A, 27, 29, 98.B, 103, 104, 105, AND 106**

**I.      Plaintiffs' Motion is Appropriate to Prevent a Manifest Injustice**

Defendant's first argument in response to Plaintiffs' Motion for Reconsideration (D.E. 116) attempts to thwart any reconsideration at all.  Defendant states that "Plaintiffs do not provide a legitimate basis for reconsideration of the merger of title issue but merely seek to re-litigate an issue this Court considered and resolved in its Order" (Def.'s Br., D.E. 118, at p. 2).  It is hard to determine whether the Defendant is actually serious about such an argument because the Defendant first acknowledges that "the decision whether to grant reconsideration lies within the discretion of the trial court" (Def.'s Br., D.E. 118, at p. 3, *citing Yuba Natural Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990)) and also states that a motion for reconsideration is proper "when the prior decision is clearly incorrect and its preservation would work a manifest injustice" (*Id., citing Intergraph Corp. v. Intel Corp.*, 253 F.3d 695, 698 (Fed. Cir. 2001)).

So, after admitting that a motion for reconsideration lies within the discretion of the trial court and a motion for reconsideration is proper when the prior decision is clearly incorrect and its preservation would work a manifest injustice, the Defendant does not even attempt to say why this motion for reconsideration should not fall within this Court's discretion or why, when the Plaintiffs believe the prior decision is clearly incorrect, that preservation of an incorrect ruling would not work a manifest injustice for the landowners who own parcels 26.A, 27, 29, 98.B, 103, 104, 105, and 106.  The Defendant must simply believe that an interlocutory appeal or a subsequent appeal is better and more efficient than a motion for reconsideration to correct a prior decision that would work a manifest injustice.

## II.   Defendant's Attempted Misuse and Misapplication of the "Merger" Doctrine Should be Flatly Rejected

It is almost impossible to thoroughly respond to all of Defendant's misstatements concerning the "merger" doctrine.  After failing to fully cite or properly apply the "merger" doctrine as set forth in *Feilhaber v. Swiler*, 212 N.W. 417 (Iowa 1927), either in prior briefing or oral argument, Defendant now makes repeated and numerous misstatements of law.  Although it is impossible to adequately respond to all of the misstatements that occur in just over 2 pages (Def.'s Br., D.E. 118, at pgs. 4-6), here are the top ten most egregious statements:

**Number 1:**   "Plaintiffs' attempt to undermine the merger of title doctrine is unavailing" (Subtitle to Section, D.E. 118, at p. 4) — Plaintiffs are not attempting to undermine the merger of title doctrine at all but are, instead, attempting to cite it fully and apply the correct legal standard to these facts;

**Number 2:**   "Plaintiffs suggest that a railroad that owns a corridor in fee implicitly conveys fee title to the center line of the corridor by conveying the outside edges of the corridor" (D.E. 118, at p. 4) — The Plaintiffs are actually <u>not</u> suggesting that the railroad ever owned the

corridor in fee except while there was unity of title, because Plaintiffs are arguing that the railroad held an easement over the original right-of-way and if the railroad subsequently acquired fee ownership in the adjacent depot grounds, once the railroad sold the depot grounds to the adjacent property owners, the property owners held the underlying fee in the railroad's right-of-way to the centerline of the easement — Defendant is arguing the "merger" of title doctrine, not Plaintiffs, but Plaintiffs want the Defendant to apply it correctly;

**Number 3:**   "In addition, Plaintiffs argue that the Court's holding that Union Pacific owned the relevant segments of the rail corridor in fee is contrary to the strip-and-gore doctrine" (D.E. 118, at p. 4) — No, Plaintiffs are arguing that the Court's determination that the railroad owned the rail corridor in fee is actually contrary to the "merger" doctrine if applied in its entirety and correctly and that the strip-and-gore doctrine is actually consistent with the "merger" doctrine if it is applied thoroughly and completely;

**Number 4:**   "Plaintiffs' objection to this Court's order on merger of title is premised on the keystone supposition that 'when a railroad grants a parcel of land adjacent to the right-of-way to a landowner, they grant the underlying fee in the railroad right-of-way to the landowner to the centerline of the right-of-way…' This supposition is false" (D.E. 118, at p. 4) — No, this supposition is absolutely true and is not only consistent with the centerline presumption, since the railroad is no different than any other landowner, but it is also consistent with the "merger" doctrine if thoroughly and completely applied correctly;

**Number 5:**   "Thus, the railroad's 'right-of-way' ceased to exist when the railroad later acquired fee title" (D.E. 118, at p. 4) — The railroad's "right-of-way" never ceased to exist but it was "merged" into the railroad's fee ownership of the adjacent land <u>only so long as unity of title existed</u>;

**<u>Number 6:</u>**     "Plaintiffs misapply *Feilhaber* and *Gray*" (D.E. 118, at p. 5) — It is the Defendant, not the Plaintiffs, who did not present the complete "merger" doctrine to the Court and who then failed to apply the law correctly to these facts — *Feilhaber* specifically says that the easement, in this case the right-of-way, is extinguised only so long as the railroad continued to be the owner of both tracts, that once the severance of the dominant and servient estates occurs, the right of the owner to redistribute the properties ceases, that the "merger" rule is reciprocal in nature, and that the purchaser who bought the depot grounds from the railroad "takes the property with the servitude upon it," which is the railroad's right-of-way;

**<u>Number 7:</u>**     "Here, however, Union Pacific's grants of the edges of its fee-owned land did not deprive the conveyed parcels of access to public roads" (D.E. 118, at p. 5) — So what, the railroad did not own the right-of-way in fee once unity of ownership was severed and whether the right-of-way deprived "the conveyed parcels of access to public roads" is totally irrelevant because, under the "merger" doctrine, the right-of-way and access to a public road involve the exact same principle;

**<u>Number 8:</u>**     "Consequently, *Feilhaber* offers no basis for finding an easement by necessity over the remainder of Union Pacific's retained fee lands" (D.E. 118, at p. 5) — This statement is ridiculous — the railroad did not "retain" the right-of-way in fee, that would violate the "merger" doctrine once unity of title no longer existed, and it is not "an easement by necessity" over the railroad's "retained fee lands" but is instead the reinstatement of the railroad's easement on top of the adjacent landowners' land which is an easement for railroad purposes as it initially existed;

**<u>Number 9:</u>**     "And certainly *Feilhaber* cannot be extrapolated as holding that Union Pacific's grants of fee title on the edges of its corridor somehow conveyed by implication the

railroad's *fee title*, as opposed to an easement, to the retained corridor" (D.E. 118, at p. 5) — The railroad's "fee title" to the right-of-way existed only so long as there was unity of title, that is the entire point of the "merger" doctrine and the *Feilhaber* decision, and so the Defendant wants the Court to believe that the railroad's subsequent grant of the depot grounds in fee "conveyed by implication the railroad's fee title" in the railroad corridor, which it didn't own once unity of title no longer existed, and then it somehow granted an easement to itself in the railroad corridor even though the original easement for railroad purposes was merely reinstated once unity of title no longer existed; and

**Number 10:**   "Finally, Plaintiffs' insistence that Iowa Code § 327G.76 evinces Iowa's adoption of a strip-and-gore prohibition against the railroad's fee ownership… is wrong. Plaintiffs continue to ignore that Iowa Code § 327G.76 does not apply to lands that railroads own in fee" (D.E. 118, at pgs. 5-6) — First, § 327G.76 is consistent with the strip-and-gore doctrine in general, second, Plaintiffs have never stated that there is any prohibition against the railroad's fee ownership, and third, Plaintiffs recognize that § 327G.76 does not apply to lands that railroads own in fee but, the railroad did not own this corridor in fee under the "merger" doctrine once unity of title was severed and the strip-and-gore doctrine is entirely consistent with the "merger" doctrine.

###   III.   Plaintiffs' Alternative Reconsideration of Parcels 103, 105, and 106 Should Now Be Moot

If the "merger" doctrine is applied correctly, Plaintiffs are entitled to summary judgment for all of the parcels subject to this motion, including parcels 103, 105 and 106.   In the alternative, since Defendant now argues that the 100-foot wide rail corridor is not 100 feet wide at certain locations, including where parcels 103, 105, and 106 abut the right-of-way, and "the NITU does not impose a trail easement over land the railroad did not operate its rail corridor

when the NITU issued" (Def.'s Br., D.E. 118, at p. 6), then fact issues concerning the width of

the corridor, the location of the corridor with respect to these parcels, and the language of the

NITU with respect to the railroad's quit claim deed to the trail user all present legitimate factual

issues that should properly be preserved for trial.

Respectfully submitted by:

BAKER STERCHI COWDEN & RICE, L.L.C.


By     /s/ Thomas S. Stewart
Thomas S. Stewart
Elizabeth McCulley
2400 Pershing Road, Suite 500
Kansas City, MO 64108
(816) 471-2121
(816) 472-0288 (facsimile)
stewart@bscr-law.com
mcculley@bscr-law.com
-and-

Steven M. Wald
J. Robert Sears
1010 Market Street, Suite 950
St. Louis, MO 63102-1708
(314) 231-2925
(314) 231-4857 (facsimile)
wald@bscr-law.com
sears@bscr-law.com
ATTORNEYS FOR PLAINTIFFS

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing was filed with the Clerk of the Court via ECF on this 23rd day of January, 2013 with a copy of the same being served via electronic mail (ECF) by the Clerk of the Court on this 23rd day of January, 2013, to:

Frank James Singer
U.S. Department of Justice
P.O. Box 663
Washington, D.C.  20044-0663
(202) 616-9409
(202) 305-0506 facsimile
Frank.singer@usdoj.gov

ATTORNEY FOR DEFENDANT

_____ *s/ Thomas S. Stewart*_____
ATTORNEYS FOR PLAINTIFFS

4851-8520-1426, v.  1