# In the United States Court of Federal Claims

No. 09-241L
(Filed: February 8, 2013)

|  |  |
|---|---|
| STEVEN JENKINS, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| THE UNITED STATES, | ) ) |
| Defendant. | ) ) ) |

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR RECONSIDERATION**

Pending before the court is the plaintiffs' motion for reconsideration of the court's partial grant of the government's motion for summary judgment with respect to liability for eight claims[1] in this "Rails to Trails" case. The court is also in receipt of the government's response to the plaintiffs' motion. After consideration of the motion, the court finds that partial reconsideration is proper pursuant to the reasoning below.

---

[1] The eight parcels at issue are those associated with claims 26.A, 27, 29, 98.B, 103, 104, 105, and 106—all of which are part of either the former Dallas Center or Perry Depot grounds.

1

The applicable standards for reconsideration are set forth in Rule 59(a) of the Rules of the United States Court of Federal Claims ("RCFC"). RCFC 59(a) provides that reconsideration or rehearing may be granted as follows:

> (A) for any reason for which a new trial has heretofore been granted in an action at law in federal court; (B) for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court; or (C) upon the showing of satisfactory evidence, cumulative or otherwise, that any fraud, wrong, or injustice has been done to the United States.

RCFC 59(a)(1). "The decision whether to grant reconsideration lies largely within the discretion of the [trial] court." Yuba Natural Res., Inc. v. United States, 904 F.2d 1577, 1583 (Fed. Cir. 1990). "The court must consider such motion with 'exceptional care.'" Henderson Cnty. Drainage Dist. No. 3 v. United States, 55 Fed. Cl. 334, 337 (2003) (quoting Fru-Con Constr. Corp. v. United States, 44 Fed. Cl. 298, 300 (1999)). However, "[a] motion for reconsideration is not intended . . . to give an 'unhappy litigant an additional chance to sway' the court." Matthews v. United States, 73 Fed. Cl. 524, 525 (2006) (quoting Froudi v. United States, 22 Cl. Ct. 290, 300 (1991)). A movant may not simply reassert arguments made and rejected. Froudi, 33 Cl. Ct. at 300. Instead, a movant must show an intervening change in controlling case law, that previously unavailable evidence is now available, or that the motion is necessary to prevent manifest injustice. Fru-Con, 44 Fed. Cl. at 301.

In their motion, the plaintiffs request partial reconsideration of this court's December 21, 2012 opinion, which held in part that certain parcels were owned by Union Pacific in fee and therefore there was not a taking of a reversionary right upon the issuance of the NITU. Jenkins v. United States, No. 09-241L, slip op. at 10-11 (Fed. Cl.

Dec. 21, 2012). Plaintiffs argue that the court misapplied Feilhaber v. Swiler, 212 N.W. 417, 418 (Iowa 1927), when it held that Union Pacific's initial easement was merged into a fee when Union Pacific acquired the corridor and depot grounds in a later acquisition. Plaintiffs argue the railroad's fee ownership of the rail corridor was dependant on the railroad holding both the rail corridor and depot grounds together. When the railroad sold the depot grounds, the plaintiffs argue the railroad lost the right to own the corridor in fee. In the alternative, the plaintiffs argue that even if the plaintiffs did not lose their reversionary interests in the corridor by operation of the Trails Act, the court should consider whether a liability finding is still appropriate to the extent that the recreational trail authorized by the NITU is a full 100 feet across and encroaches upon portions of parcels 103, 105, and 106, owned by the plaintiffs.

      The government argues that the court properly held that there was not a taking by issuance of the NITU for the portion of the right of way that Union Pacific acquired in fee as part of the depot grounds acquisition. The government argues that the initial easement purchased by Union Pacific was extinguished under Iowa's law of merger when a subsequent deed granted to the railroad the same railroad corridor and the surrounding depot grounds in fee. The government concludes, therefore, that the plaintiffs did not gain any rights in the right of way when the plaintiffs subsequently acquired portions of the depot grounds.

      The government further argues that the NITU, by its plain terms, created a recreational trail only as wide as required to operate a railroad, which at the time of the NITU encompassed only those parts of the corridor that Union Pacific continued to hold

in fee. As such, the government argues that the trail does not encroach on plaintiffs' land and the court should deny the plaintiffs' alternative argument extending potential liability to eight of the parcels. Def.'s Resp. at 6, ECF No. 118. These arguments will be addressed in turn.

### A. The Court Did Not Misapply Feilhaber.

In its December 21, 2012 decision, the court held that where a railroad first acquired an easement and then a fee interest in a right of way as part of a larger purchase, the easement was extinguished under Iowa's law of merger. Jenkins, slip op. at 10-11. In reaching this conclusion, the court relied in part on Feilhaber v. Swiler, which quoted an earlier Nebraska Supreme Court case stating that "[n]o easement exists so long as there is a unity of ownership, because the owner of the whole may, at any time, rearrange the qualities of the several parts." 212 N.W. 417, 418 (Iowa 1927) (quoting Marshall Ice Co. v. LaPlant, 111 N.W. 1016, 1019 (1907)). As noted, the plaintiffs argue that under Feilhaber, retaining "unity" of title to the entire parcel is critical to the doctrine of merger, and that once the railroad in this case sold off a portion of the parcel (the depot grounds) to the plaintiffs, the railroad's fee ownership in the rail corridor adjacent to those properties reverted back to its prior status as an easement. The plaintiffs next argue that since the corridor was only an easement, they should be presumed to own the rail corridor to the centerline. Based on this logic, the plaintiffs conclude that there has been a taking of their property interests in the rail corridor.

The court has re-examined Feilhaber and finds that plaintiffs' reliance on the "unity" of title language in that case is misplaced for several reasons and that

4

reconsideration is not necessary to prevent an injustice. First, in the present case, when the railroad acquired the depot grounds it also acquired the corridor in fee. Thus the original easement in the corridor merged into the fee interest in the corridor by the very terms of the deeds. Put another way, the railroad became the fee owner in the corridor when it purchased the depot grounds together with the corridor. It is well settled that railroads in Iowa can own rail corridors in fee. See, e.g., Lowers v. United States, 663 N.W.2d 408, 410-11 (Iowa 2003); McKinley v. Waterloo Railroad Co., 368 N.W.2d 131, 138 (Iowa 1985). Second, in contrast to the facts in Feilhaber, there is no evidence in this case to suggest that upon sale of the depot grounds it was necessary for the corridor to revert back to an easement. Feilhaber held that when an easement merges with fee property and a portion of the property covering the prior easement is sold, then the easement may be reactivated if the easement is needed for continued use and enjoyment by the owner of the adjacent parcel. The plaintiffs in this case did not need the easement in the corridor for their continued use and enjoyment of their parcels. The circumstances in this case are therefore not at all similar to the circumstances in Feilhaber. When the railroad sold its depot grounds, in this case, the rail corridor that it owned in fee did not revert to an easement. Reconsideration on the basis of Feilhaber is **DENIED**.

    **B.**    **Reconsideration is Appropriate Regarding Encroachment into Private Land.**

The court on reconsideration has again examined the deeds and the NITU and finds that it is appropriate to broaden consideration of the government's takings liability to parcels 103, 105, and 106 to the extent that the NITU authorized trail use extending

into and encumbering the private property fee interests of the adjacent property owners. The court finds that resolution of whether the recreational trail authorized by the NITU actually extends into and therefore takes a portion of the plaintiffs' adjacent property interests cannot be resolved on the deeds and the NITU alone but will require an examination of the final property surveys at trial.

Subject to the reasoning above, therefore, the plaintiffs' motion for reconsideration is **GRANTED-in-PART and DENIED-in-PART**.

**IT IS SO ORDERED.**

s/Nancy B. Firestone
NANCY B. FIRESTONE
Judge
