# In the United States Court of Federal Claims

No. 09-241L
(Filed: February 22, 2017)
NOT FOR PUBLICATION

|  |  |  |
|---|---|---|
| STEVEN JENKINS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Preliminary Approval; Rails to Trails; |
| v. | ) | Class Action |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED CLASS
ACTION SETTLEMENT AND NOTICE PLAN AND SCHEDULING PUBLIC
FAIRNESS HEARING**

Pending before the court in this rails-to-trails class action is the parties' joint motion for preliminary approval of a proposed settlement for the 26 of the 27 class members remaining in this case and proposed notice plan pursuant to Rule 23(e) of the Rules of the Court of Federal Claims ("RCFC").

This case arises from the conversion of a railroad corridor in Dallas County, Iowa to a recreational trail. In *Jenkins v. United States*, 104 Fed. Cl. 641 (2009), the court granted plaintiffs' motion to certify the class (ECF No. 23, filed Nov. 13, 2009). Following this court's determination of liability and a trial on compensation, the Federal Circuit found that the appraiser should have taken into account the physical remnants of the railroad when determining the value of each landowner's property before the taking occurred. *See Rasmuson v. United States*, 807 F.3d 1343, 1344 (Fed. Cir. 2015). On remand, the parties determined that the Federal Circuit's decision potentially affected 27 class members. The parties now propose to settle this case for 26 of those 27 class members, including principal amounts for the value of the land allegedly taken, interest at varying rates compounded annually since the date of taking, and statutory attorneys' fees and costs.

Based upon a review of the parties' proposed class action settlement and notice plan, the parties' joint motion for preliminary approval of the proposed settlement and notice plan is **GRANTED**. The court **ORDERS** as follows:

**A.      Proposed Class Action Settlement**

Under RCFC 23(e), "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval."  The court may approve a proposed settlement "only after a hearing and on finding that it is fair, reasonable, and adequate."  RCFC 23(e)(2).  Before determining whether to grant final approval of the proposed settlement, this court typically first reviews the proposed settlement for a preliminary fairness evaluation, directs class counsel to provide notice of the settlement to the class, and holds a fairness hearing.  *See Barnes v. United States*, 89 Fed. Cl. 668, 670 (2009).

The parties' proposed settlement agreement was filed with the court on February 7, 2017 (ECF No. 236).  The parties state that on remand, they reexamined the properties and calculated adjustments to previously appraised values to reflect the physical condition of the railroad corridor and conducted settlement discussions to resolve the claims based on those adjusted figures and other information concerning the properties.  *See* ECF No. 238 at 2-3 (Joint Status Report filed Feb. 21, 2017).  Under the proposed settlement, the 26 settling class members would receive a total of $1,527,231.55, of which $561,037.13 is principal for the value of the land at issue, $429,891.71 is accrued interest as of April 1, 2017, and $536,302.71 is attorneys' fees and costs of pursuant to the Uniform Relocation Assistance and Real Property Acquisition Policies Act, 42 U.S.C. §4654(c) ("URA").

At this stage, "[i]n deciding whether a settlement falls within the range of approval, courts have considered a variety of factors, among them:  (i) whether the settlement agreement appears to be the product of serious, informed, non-collusive negotiations; (ii) whether it improperly grants preferential treatment to class representatives or other members of the class; (iii) whether counsel are experienced and have been adequately informed of the facts via discovery; and (iv) whether the agreement otherwise has obvious deficiencies."  *Barnes*, 89 Fed. Cl. at 670.  Upon review of the proposed settlement agreement, the court does not find any collusive activity, preferential treatment, or other deficiencies in the proposed settlement.  The court therefore preliminarily approves the proposed settlement agreement.

**B.      Notice Plan and Forms**

When parties propose to resolve a certified class's claims through settlement, RCFC 23(e) requires the court to "direct notice in a reasonable manner to all class members who would be bound by the proposal."  RCFC 23(e)(1).  A notice of settlement must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  *Haggart v. Woodley*, 809 F.3d 1336, 1348-49 (Fed. Cir. 2016) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)), *cert. denied*, 136 S. Ct. 2509 (2016).  The Federal Circuit has found that this principle "is equally applicable in the context of the provision of additional information."  *Id.* at 1349 (citing *In re Katrina Canal Breaches Litig.*, 628 F.3d 185, 197 (5th Cir. 2010)).  Thus, in order to satisfy

constitutional requirements and RCFC 23(e), "class counsel, either by notice or the method by which additional information is provided, must provide 'all necessary information for any class member to become fully apprised and make any relevant decisions.'" *Id.* (citing *Katrina*, 628 F.3d at 198; *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 114 (2d Cir. 2005)).  "[W]hat constitutes 'necessary information' depends on the particular circumstances of the proposed settlement." *Id.* (citing *Wal-Mart Stores*, 396 F.3d at 114).

The parties propose to use the notice and forms approved by the court on January 23, 2017 (ECF No. 233).  Consistent with the court's January 23, 2017 order, the court finds that the approved notice is reasonable and adequate to alert class members of their rights and obligations under the terms of the proposed settlement and to afford them opportunity to comment on or object to the proposed settlement in advance of the fairness hearing.  A copy of the approved notice and forms is attached to this order.

The parties shall provide the attached approved notice via U.S. mail for each member of the opt-in class, and do not need to provide additional notice by publication. The parties shall abide by the following notification schedule:

1. Class counsel shall mail the approved notice and forms to class members by **March 3, 2017**.  The court has attached a copy of the approved notice and forms to this order.

2. The 30-day notice period shall begin on **March 3, 2017** and shall close on **April 3, 2017**.

3. The approved notice will be mailed to the opt-in class members, along with the attached forms that will allow class members to submit comments and request to speak at the fairness hearing in advance of the hearing.  Class counsel will serve the government with copies of all comments and requests to speak at the fairness hearing, and file copies of the same with the court, no later than **April 7, 2017.**

## C.   **Fairness Hearing**

The court hereby **SCHEDULES** a fairness hearing to take place on **Friday, April 14, 2017 at 2:00 PM eastern time**.  The fairness hearing shall be held over the phone. The court will provide call-in information to the parties and any participating class members in advance of the hearing.

**IT IS SO ORDERED.**

s/Nancy B. Firestone
NANCY B. FIRESTONE
Senior Judge

UNITED STATES COURT OF FEDERAL CLAIMS

# Notice of Proposed Final Settlement of Class Action Against the United States

*A Court authorized this notice.*

**Your legal rights are affected whether you act or don't act.  Read this notice carefully.**

## I.  INTRODUCTION.

You are receiving this notice because our official records show that you are a member of a Plaintiff class that the United States Court of Federal Claims certified in a class action lawsuit in 2009. Plaintiffs in that lawsuit, entitled *Steve Jenkins, et al. v. United States*, No. 09-CV-241L sought just compensation from the United States based on allegations that the federal Surface Transportation Board's issuance of a Notice of Interim Trail Use on a railroad corridor between milepost 296.8 near Waukee, Iowa to milepost 275.9 near Perry and milepost 361.8 outside Perry, Iowa to milepost 369.0 near Dawson, Iowa, has interfered with property interests recognized under Iowa state law. The Plaintiffs allege that this interference constitutes a taking of private property for public use, requiring compensation in accordance with the Fifth Amendment to the United States Constitution. The Defendant in this action, the United States of America, denies that the named Plaintiffs or potential class members are entitled to compensation for a Fifth Amendment taking.

This case went to trial in August of 2013. After Judgment was entered, the United States appealed to the Federal Circuit. The Federal Circuit's opinion did not impact certain class members' claims and those claims have previously been resolved. At this time, 26 out of the 27 class members whose claims were impacted by the Federal Circuit's opinion propose settling this matter. Under the terms of the settlement, the United States will make a cash payment by way of compromise and settlement to resolve the settling class members' claims.  The total amount of the payment consists of $561,037.14 in principal for the value of the land allegedly taken, interest at varying rates compounded annually totaling $429,891.71 if paid on April 1, and additional interest beyond that date at the daily rate of $90.77 until the date of payment (with less to be paid if payment is before April 1, 2017).  Class Counsel previously filed a motion for reimbursement of attorneys' fees and costs pursuant to the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4654(c) ("URA"), and the parties have now settled on statutory fees and costs of $536,302.71.  Because you will not pay any fees or costs, Class Counsel will ultimately retain the reimbursement for fees and costs which they have incurred as out-of-pocket expenses in this litigation. The amount of principal and estimated interest to be paid for each individual claim of the class members is specified in Attachment A.

In exchange for the payments to be made by the United States as specified herein, the Settling Plaintiffs agree that this settlement constitutes a full, complete, and final resolution of any and all of Plaintiffs' claims against the United States, legal or equitable, and stipulate to a voluntary dismissal of this action, with prejudice to re-filing. Any objecting class member has a right to seek appeal of an order approving the settlement.

The proposed settlement amount described herein was reached through a process in which Class Counsel and counsel for the United States separately retained expert appraisers who appraised the value of certain property interests allegedly taken as of October 25, 2004. The results of that appraisal process were then used to negotiate a settlement amount that provides compensation to the settling class members. To eliminate the time, costs, and risks associated with additional litigation, Class Counsel negotiated this proposed settlement on behalf of the settling class members, which substitutes the certainty of an immediate cash payment to the members of the Class for the uncertainties additional litigation poses. Class Counsel, who was appointed by the Court to represent the interests of all members of the Class, believes that the proposed settlement is fair, reasonable, and the best result for all of the settling Class Members.

If the proposed settlement is approved by the Court following a fairness hearing, the United States Department of Justice will submit the settlement to the United States Department of the Treasury for payment from the Judgment Fund. **The Department of the Treasury requires each member of the Class who is to receive a portion of the total settlement to provide their Social Security Number or Federal Tax Identification Number prior to processing payment, so that the Department of the Treasury may fulfill its statutory obligations under the Debt Collection Improvement Act of 1996 (31 U.S.C. § 3325(d))**. If you have questions regarding this requirement, visit http://www.fms.treas.gov/judgefund/questions.html (last updated March 14, 2014). This information is requested on the form that is attached to this Notice, and should be provided if you have not already done so.

## II.   CLASS MEMBERSHIP.

In 2009, potentially eligible persons were given notice of the certified class action and were offered the opportunity to opt-in to the Class. All of those who opted to join this certified class action became bound to the terms of any judgment or any settlement the Court may approve. There are 26 Class Members who either signed representation agreements or opted-in to this case and who will be subject to this settlement. If the Court approves the settlement described herein, the terms of the settlement will bind all of the settling Class Members.

## III.   HEARING AND COMMENTS.

Members of the class, as well as members of the public, are invited to attend and participate in a public hearing on **Friday, April 14, 2017 at 2:00 PM eastern time** before the Honorable Nancy B. Firestone, United States Court of Federal Claims Judge. At this hearing, Class Counsel on behalf of the settling Class Members will ask the Court to approve the proposed settlement. Any member of the class who would like an opportunity to comment on the proposed settlement must advise the Court in writing at the address listed below by **April 3, 2017**. Only those class members who have provided timely written notice of their intention to address the Court will be permitted to present any comments or objections regarding the proposed settlement at the hearing, which is open to the public. Written notice stating

your intent to object to, approve of, or otherwise comment on the proposed settlement should be sent to **Jenkins Hearing Notice, c/o Liz McCulley, Stewart, Wald, & McCulley L.L.C., 2100 Central, Suite 22, Kansas City, Missouri 64108, or by facsimile to (816) 527-8068**.

**Forms must be postmarked or faxed by April 3, 2017.**

**Your legal rights are affected whether you act or don't act.  Read this notice carefully.**

**If you do not take the opportunity to object to the settlement either in writing or at the forthcoming hearing, you may be deemed to have waived your right to later object and to appeal from any court order approving the settlement and/or from any judgment that may be entered in this case.**

**You may obtain a copy of the proposed Settlement Agreement upon request from Class Counsel. This request can be made by calling Class Counsel at (816) 303-1500 or sending an e-mail to Class Counsel at McCulley@swm.legal.**

| | |
|---|---|
| **DO NOTHING** | You are currently a member of the Class that was certified in this case. As a member of the Class, you may approve of, object to, or comment on the proposed settlement. If the Court approves the settlement, the settlement's terms will bind you. You are not required, however, to take any additional action to participate as a class member at this time. |
| **REQUEST ADDITIONAL INFORMATION** | This notice is intended to provide you with general information about the proposed settlement of this Class Action. You may obtain additional information about the terms of the proposed settlement, including information about how the settlement amount for your claim was determined, by contacting Class Counsel, Thomas S. Stewart of the law firm Stewart, Wald, & McCulley, L.L.C. by telephone at (816) 303-1500 or by e-mail at Stewart@swm.legal |
| **OBJECT TO, APPROVE OF, OR COMMENT** | As a member of the Class, you may (but are not required to) object to, approve of, or otherwise comment to the Court about whether it should approve the proposed settlement. Section "B" of the attached form allows you to provide commentary. All forms must be sent to c/o Elizabeth McCulley, Stewart, Wald, & McCulley, L.L.C., 2100 Central, Suite 22, Kansas City, Missouri 64108 and be postmarked or faxed to (816) 527-8068 by **April 3, 2017**. You can give reasons why you think the Court should or should not approve the proposed settlement. The Court will consider your views. |
| **GO TO A HEARING** | As a member of the class, if you choose to provide written comments, you may (but are not required to) ask to speak in Court about the fairness of the proposed Second Addendum. The space to request such permission is included in section "C" of the attached form. All forms must be sent to the address listed above and postmarked or faxed to the fax number listed above by **April 3, 2017**. |
| **CONTACT US** | If you have questions, you may contact Class counsel at **(816) 303-1500**. Court-approved Class Counsel is Thomas S. Stewart of the law firm Stewart, Wald, & McCulley, L.L.C. |

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| STEVEN JENKINS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 1:09-cv-00241-L |
| | ) | |
| vs. | ) | Judge: Nancy B. Firestone |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>INDIVIDUAL CLASS MEMBER'S SETTLEMENT DISCLOSURE STATEMENT</u>**

To:

      This Disclosure Statement contains information that should help you understand the rights and benefits you would be entitled to under the proposed Settlement of this Class Action Lawsuit.

**Your total property value — $_____**

      Your total property value was determined through a settlement process that used an appraisal of either your property or of property deemed by the appraiser to be sufficiently similar to your property.

**Your total interest thru April 1, 2017 — $_____**

      Your total interest amount was determined through a settlement process that used a specific percentage thru April 1, 2017. Interest will continue to run until payment is made, so the amount you receive may be higher or lower than the above amount.

**Your total property value plus interest through April 1, 2017— $_____**

      Because you are entitled to the total land value plus estimated interest—this figure reflects your total compensation for the property interests taken plus interest calculated through April 1, 2017.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

STEVEN JENKINS, et al.,        )
                        )
        Plaintiffs,      )    Case No. 1:09-cv-00241-L
                        )
    vs.              )    Judge: Nancy B. Firestone
                        )
THE UNITED STATES OF AMERICA,    )
                        )
        Defendant.     )

### INDIVIDUAL CLASS MEMBER'S
### COMMENTS ON PROPOSED SETTLEMENT AND/OR
### <u>REQUEST TO ADDRESS THE COURT AT THE PUBLIC HEARING</u>

**A.**    **APPROVAL OF THE PROPOSED SETTLEMENT**

Your Name:

*[As a member of the Class, you may approve of, object to, or comment on the proposed settlement. You are not required, however, to take any additional action to participate as a class member at this time.]*

\_\_\_\_    I approve of the proposed settlement.

\_\_\_\_    I object to the proposed settlement (**explain below in Section B, Comments**).

\_\_\_\_    I wish to appear at the hearing by telephone.

\_\_\_\_    I wish to appear at the hearing in person, at
_____, scheduled for_____on _____
_____

(Signature) _____    (Date) _____

Your mailing address, phone number, and email address:

Mailing Address(es): _____

Phone Number(s)(*optional*): _____

Email (*optional*): _____

**If not previously provided, please provide your Social Security No. or Federal Tax Identification No. (SSN/TIN):**

Class Member SSN/TIN (named above): _____

Co-Owner (print name & SSN/TIN): _____

**B.      COMMENTS ON THE PROPOSED SETTLEMENT – WHY DO YOU OBJECT?**

Comments/Objections*:

_____
_____
_____

**C.      REQUEST TO SPEAK AT PUBLIC HEARING.**

*[If you are a member of the class, and only if you expressed your objection, approval, or other comments on the proposed settlement in Section A of this form, you may (but are not required to) request to speak at the public hearing at which the Court will consider whether to approve the settlement. You do not need to speak at the hearing to remain in the class or to have the Court consider your written commentary.]*

_____      I wish to speak at the hearing _____in person or _____by telephone.

**Please fax, email or mail this form to:**

*Jenkins v. United States* Hearing Notice
c/o Ms. Elizabeth G. McCulley
Stewart, Wald, & McCulley, L.L.C.
2100 Central, Suite 22
Kansas City, Missouri 64108
Facsimile: (816) 527-8068
mcculley@swm.legal