# In the United States Court of Federal Claims

No. 09-241L
(Filed: April 26, 2017)
NOT FOR PUBLICATION

|  |  |  |
|---|---|---|
| STEVEN JENKINS, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Rails to Trails; Class Action; Final Approval of Settlement Agreement; Partial Final Judgment; RCFC 54(b) |
| THE UNITED STATES, | ) ) | |
| Defendant. | ) ) | |

**ORDER GRANTING FINAL APPROVAL OF PROPOSED
CLASS ACTION SETTLEMENT**

Pending before the court in this rails-to-trails class action is the parties' request for final approval of a proposed settlement for 26 of the 27 class members remaining in this case pursuant to Rule 23(e) of the Rules of the Court of Federal Claims ("RCFC").

Based upon a review of the parties' proposed class action settlement, and for the reasons below, the parties' request for final approval of the proposed settlement is **GRANTED**.

I.      **BACKGROUND AND PROCEDURAL HISTORY**

This case arises from the conversion of a railroad corridor in Dallas County, Iowa to a recreational trail. In *Jenkins v. United States*, 104 Fed. Cl. 641 (2009), the court granted plaintiffs' motion to certify the class (ECF No. 23, filed Nov. 13, 2009). Following this court's determination of liability and a trial on compensation, the Federal Circuit found that the appraiser should have taken into account the physical remnants of the railroad when determining the value of each landowner's property before the taking occurred. *See Rasmuson v. United States*, 807 F.3d 1343, 1344 (Fed. Cir. 2015). On remand, the parties determined that the Federal Circuit's decision potentially affected 27 class members. On April 26, 2017, the court divided the certified class into two subclasses for settlement purposes (ECF No. 249). The parties propose to settle this case for one of two subclasses, which consists of 26 of the 27 remaining class members, including principal amounts for the value of the land allegedly taken, interest at varying rates compounded annually since the date of taking, and statutory attorneys' fees and costs.

The parties state that on remand, they reexamined the properties and calculated adjustments to previously appraised values to reflect the physical condition of the railroad corridor and conducted settlement discussions to resolve the claims based on those adjusted figures and other information concerning the properties. *See* ECF No. 238 at 2-3 (Joint Status Report filed Feb. 21, 2017). The parties state that following the Federal Circuit's decision in *Rasmuson*, 807 F.3d at 1343, the parties generally utilized this court's prior findings on land values, based on per acre values in the before condition, and then considered a variety of adjustments to the original calculations concerning the cost to reclaim. The government's appraiser reexamined the parcels and recalculated a cost to reclaim and plaintiffs' appraiser reviewed the government's calculations and advised class counsel concerning those calculations. The parties note that they still have differences of opinion concerning whether each parcel would actually be reclaimed, the extent of the reclamation, and the appropriate methodology to calculate the cost to actually reclaim it, depending on individual characteristics of each parcel. In addition to topographical issues, the parties considered property values per acre and point rows or other severance damages in order to determine whether a settlement could be reached or whether additional appraisals or a new trial would be required. The ultimate settlement amounts were negotiated over an extensive period of time.

The parties' proposed settlement agreement was filed with the court on February 7, 2017. *See* ECF No. 236. Under the proposed settlement, the 26 settling class members in subclass I would receive a total of $1,527,231.55, of which $561,037.13 is principal for the value of the land at issue, $429,891.71 is accrued interest as of April 1, 2017, and $536,302.71 is attorneys' fees and costs of pursuant to the Uniform Relocation Assistance and Real Property Acquisition Policies Act, 42 U.S.C. §4654(c) ("URA").[1]

---

[1] The parties state that the proposed settlement agreement contains a misstatement regarding the amount for attorneys' fees and costs. *See* ECF No. 238 at 3-4. The parties provided in the signed settlement agreement that the amount the United States agrees to pay in attorneys' fees and costs "includes the $397,139.92 in attorneys' fees and $64,587.53 in costs awarded in the Court's December 21, 2015 Rule 54(b) Judgment that have not yet been paid." ECF No. 236 ¶ 6. On April 17, 2014, the court entered a judgment that included $1,023,556.50 for attorneys' fees and $166,462.72 in costs. *See* ECF No. 191. As noted above, following the Federal Circuit's decision in *Rasmuson*, 807 F.3d at 1343, the parties determined that a number of class members were not impacted by the Federal Circuit opinion and those class members' claims were resolved in a RCFC 54(b) judgment entered on December 21, 2015, which included statutory attorneys' fees of $626,416.58 in attorneys' fees and $101,875.19 for costs. *See* ECF No. 205. The parties state that the December 21, 2015 RCFC 54(b) judgment has been satisfied. *See, e.g.*, ECF No. 238 at 3-4. The parties further state that following the satisfaction of the December 21, 2015 RCFC 54(b) judgment, there remained $397,139.82 in fees and $64,587.54 in costs from the court's April 17, 2014 judgment. *See id.* The parties state that the proposed settlement in this case includes the outstanding fees and costs from the April 17, 2014 judgment plus statutory fees and costs accruing from August 6, 2015 (the date of the Federal Circuit's opinion) through July 15, 2016 (when the final settlement was reached on a tentative basis for the 26 class members). *See id.*

2

On April 26, 2017, the court granted the government's motion to divide the certified class for settlement purposes (ECF No. 247), filed April 21, 2017. The court certified two subclasses: one subclass consisting of the 26 claimants subject to the parties' Joint Motion for Preliminary Approval of Proposed Class Acton Settlement and Proposed Notice Plan (ECF No. 234), filed February 3, 2017 ("subclass I"); and a second subclass consisting of the one remaining claimant, the Ronald K. Bender Revocable Trust ("subclass II").

## II.   DISCUSSION

Under RCFC 23(e), "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." The court may approve a proposed settlement "only after a hearing and on finding that it is fair, reasonable, and adequate." RCFC 23(e)(2); *see also Haggart v. Woodley*, 809 F.3d 1336, 1348-49 (Fed. Cir. 2016), *cert. denied*, 136 S. Ct. 2509 (2016). The court has discretion to accept or reject a proposed settlement, but it may not alter the proposed settlement, nor may it decide the merits of the case or resolve unsettled legal questions. *Adams v. United States*, 107 Fed. Cl. 74, 75-76 (2012) (citing *Evans v. Jeff D.*, 475 U.S. 717, 726-27 (1986); *Nat'l Treasury Emps. Union v. United States*, 54 Fed. Cl. 791, 797 (2002)).

There is no definitive list of factors that the court must apply in considering a class action settlement. *Raulerson v. United States*, 108 Fed. Cl. 675, 677 (2013). However, in determining whether a settlement agreement is "fair, reasonable, and adequate," courts have found the following factors instructive:

1. The relative strengths of plaintiff's case compared to the proposed settlement;

2. The recommendation of the counsel for the class regarding the proposed settlement, taking into account the adequacy of class counsel's representation of the class;

3. The reaction of the class members to the proposed settlement, taking into account the adequacy of notice to the class members of the settlement terms;

4. The fairness of the settlement to the entire class;

5. The fairness of the provision for attorney fees; and

6. The ability of the defendants to withstand a greater judgment, taking into account whether the defendant is a governmental actor or private entity.

*E.g.*, *Sabo v. United States*, 102 Fed. Cl. 619, 627 (2011) (quotation marks and citation omitted).

As discussed in the court's February 22, 2017 order granting preliminary approval of the proposed settlement agreement (ECF No. 241), the court does not find any evidence of collusive activity, preferential treatment, or other deficiencies in the proposed settlement. In this case, in reaching the proposed settlement agreement, the parties conducted discovery, a thorough joint appraisal of the fair market value of class members' property interests for the alleged taking, and negotiations indicating no preferential treatment or other deficiencies. *See* ECF No. 238 at 2-3.

Class counsel represents that all 26 plaintiffs in subclass I have affirmatively consented to the settlement, there are no objections or comments of any kind, and no class members requested to participate in or speak at the fairness hearing. At the April 14, 2017 fairness hearing, no class members participated or spoke.

In addition, consistent with the Federal Circuit's decision in *Haggart*, 809 F.3d at 1359, the proposed agreement does not provide for plaintiffs' attorneys' fees to be paid out of the settlement proceeds under the "common fund" doctrine. *See also Sabo*, 102 Fed. Cl. at 630; *Barnes v. United States*, No. 04-1335C, 2010 WL 1904503, at *2 (Fed. Cl. May 7, 2010).

In view of the foregoing, the court finds that the parties' settlement agreement is fair, reasonable, and adequate and warrants approval.

### III. CONCLUSION

For the reasons above, the parties' proposed settlement agreement for the subclass I plaintiffs is **APPROVED**. Pursuant to RCFC 54(b), because there is no just reason for delay, the clerk is directed to enter judgment for the subclass I plaintiffs in the amounts of $561,037.13 in principal and $429,891.71 in interest through April 1, 2017 apportioned among the subclass I plaintiffs as shown in the table accompanying the attached approved settlement agreement. Interest shall be payable on these amounts at a daily rate of $90.77, beginning on April 2, 2017, until the date the judgment is paid. In addition, the clerk is directed to enter judgment for the subclass I plaintiffs in the amount of $74,574.35 for attorneys' fees and costs pursuant to the URA.[2]

**IT IS SO ORDERED.**

s/Nancy B. Firestone
NANCY B. FIRESTONE
Senior Judge

---

[2] This amount is equal to $536,301.71 as agreed to in the approved settlement agreement minus $397,139.82 in fees and $64,587.54 in costs awarded in the court's April 17, 2014 judgment which have not yet been paid. *See* ECF No. 238 at 3-4.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| STEVE JENKINS, et al.,<br><br>           Plaintiffs,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA,<br><br>           Defendant. | Case No. 1:09-cv-241L<br>Honorable Judge Nancy B. Firestone |

## JOINT COMPROMISE SETTLEMENT AGREEMENT BETWEEN PLAINTIFFS AND THE UNITED STATES

WHEREAS, the Plaintiffs identified in the original and amended Complaints (collectively "Plaintiffs") brought claims under the Tucker Act, 28 U.S.C. § 1491(a), and the Fifth Amendment to the Constitution, seeking just compensation for the alleged taking of their ownership interest in a railroad corridor located between milepost 296.8 near Waukee to milepost 275.9 near Perry, Iowa and from milepost 361.8 to milepost 369.0 near Dawson, Iowa.

WHEREAS, the United States answered Plaintiffs' Complaints, denying that it had taken Plaintiffs' property;

WHEREAS, on October 25, 2004, the Surface Transportation Board ("STB") issued a decision and notice of interim trail use for the subject corridor in accordance with Section 8(d) of the National Trails System Act, 16 U.S.C. § 1247(d) ("the STB decisions");

WHEREAS, in accordance with the STB decision, on January 21, 2008, the Union Pacific ("UP") Railway Co., the Iowa Natural Heritage Foundation, and the Dallas County Conservation Board, reached an agreement pursuant to which UP Railway Co.'s interests in the railroad corridor were transferred to the Iowa Natural Heritage Foundation and the Dallas County Conservation Board acquired from the Iowa Natural Heritage Foundation an easement to use the corridor for

1



trail development, while the subject corridor has been railbanked for possible future reactivation as a railroad pursuant to the National Trails System Act;

AND WHEREAS, the parties have engaged in good faith settlement negotiations in an effort to avoid the time and expense of further litigation;

NOW THEREFORE, it is stipulated and agreed to by the Plaintiffs and the United States as follows:

1. The alleged date of taking in this case, which is the date on which the Plaintiffs' claims against the United States accrued, is October 25, 2004 for the segments of right-of-way extending from milepost 296.8 near Waukee to milepost 275.9 near Perry, Iowa and from milepost 361.8 to milepost 369.0 near Dawson, Iowa, in Dallas County, Iowa.

2. This Joint Compromise Settlement Agreement encompasses all existing claims, disputed issues and/or demands for money damages or other relief (inclusive of all interest, attorneys' fees, and other litigation expenses that have been or could be incurred), that were asserted or could have been asserted in this action, or in any other judicial proceeding, against the United States or any department, agency, or officer thereof, by Plaintiffs relating to the parcels of land for which compensation was sought in the Complaint as amended.

3. The Plaintiffs identified in Attachment A (the "Settling Plaintiffs") are or were owners of certain parcels of property situated in Dallas County, Iowa, who will receive compensation in settlement of their claims.

4. The United States hereby agrees, by way of compromise and settlement, to pay to the Settling Plaintiffs the total sum of $1,527,231.55, if paid by April 1, 2017. This amount consists of $561,037.13 in principal, and interest of $429,891.71 thru April 1, 2017. The amount to be paid for each individual claim of the Settling Plaintiffs is specified in Attachment A.

5. The United States further agrees to pay statutory attorneys' fees and costs of $536,302.71 pursuant to the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4654(c). This amount includes the $397,139.92 in attorney's fees and $64,587.53 in costs awarded in the Court's December 21, 2015 Rule 54(b) Judgment that have not yet been paid.

6. In consideration of the settlement amounts set forth in paragraphs 4 and 5, the Plaintiffs agree to dismiss the Settling Plaintiffs with prejudice within 14 days of receipt of payment from the United States pursuant to Court of Federal Claims Rule 41(a)(1)(A)(ii).

7. The calculated interest stated in paragraph 4 is based upon an estimated date of payment of April 1, 2017. The parties agree that interest may be recalculated based upon the U.S. Department of the Treasury's estimated date of actual payment, using the same method of interest computation employed for the estimated interest amount stated in paragraph 4, which is a interest amount of $90.77. The parties thus agree that the actual amount of the interest component of just compensation may vary depending upon the date of payment, however, the daily interest amount of $90.77 shall not vary.

8. Plaintiffs understand and acknowledge that this settlement will be submitted by the United States to the U.S. Department of the Treasury for payment. Plaintiffs have been informed that the Department of the Treasury requires each plaintiff receiving a portion of the total settlement to provide their Social Security Number or federal Tax Identification Number prior to processing payment, so that the Department of the Treasury may fulfill its statutory obligations under the Debt Collection Improvement Act of 1996 (31 U.S.C. § 3325(d)).

9. This Joint Compromise Settlement Agreement shall not be construed as (A) an admission by Defendant of any legal or specific monetary liability as to any or all of the Plaintiffs'

3

claims for moneys, attorneys' fees, litigation costs and other expenses, interest, any other kind of monetary relief or compensation, or any other kind of legal or equitable relief; nor (B) an admission by the Plaintiffs of the merits of Defendant's defenses, claims or assertions, including any claims for litigation costs, attorneys' fees and other expense.

10. This Joint Compromise Settlement Agreement shall not be interpreted to constitute a precedent or argument in this or any other case.

11. This Joint Compromise Settlement Agreement shall be binding on the Plaintiffs and the United States, all of their related and affiliated companies and persons, and their successors and assigns.

12. This Joint Compromise Settlement Agreement and Attachment hereto encompass the entire agreement of the parties, contain the complete and total terms and conditions of the parties' agreement, and supersedes all previous understandings and agreements between the parties, whether oral or written.

13. This Joint Compromise Agreement may be executed in counterparts, each of which shall constitute an original, and all of which, taken together, shall constitute one and the same instrument. Facsimile signatures shall have the same effect as original signatures in binding the parties.

IN WITNESS WHEREOF, this Joint Compromise Settlement Agreement between the Plaintiffs and the United States has been duly executed by their authorized legal representatives.

| STEWART WALD & McCULLEY LLC | JOHN C. CRUDEN<br>Assistant Attorney General |
|---|---|
| By: *[signature]*<br>THOMAS S. STEWART<br>Elizabeth G. McCulley<br>2100 Central St. Suite 22 | By: *[signature]*<br>JACQUELINE C. BROWN<br>Trial Attorney<br>U.S. Department of Justice |

4

Kansas City, MO 64108
Tel: (816) 471-2121
Fax: (816) 472-0288
Stewart@swm.legal
McCulley@swm.legal

ATTORNEYS FOR THE PLAINTIFFS

Dated: 1/5/17

Environment and Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Tel: (202) 305-0481
Fax: (202) 305-0506
jacqueline.c.brown@usdoj.gov

ATTORNEYS FOR DEFENDANT AND
AUTHORIZED REPRESENATITVES OF
THE U.S. ATTORNEY GENERAL

Dated: 5 Jan 2017

| Claim # | Name | Parcel ID Number | Settled Land Value | Total Interest | Total Payment |
|---|---|---|---|---|---|
| 10.A | Shattuck Corporation, c/o Tom Shattuck | 1218300001 | | | |
| 10.C | Shattuck Corporation, c/o Tom Shattuck | 1218100004 | $43,000.00 | $32,948.52 | $75,948.52 |
| 11.A | Bestenlehner Trust, c/o Francis Bestenlehner | 1113200007 | | | |
| 11.C | Bestenlehner Trust, c/o Francis Bestenlehner | 1113200004 | | | |
| 11.C | Bestenlehner Trust, c/o Francis Bestenlehner | 1113200002 | $33,640.00 | $25,776.47 | $59,416.47 |
| 12 | Berneice Hopkins, c/o Gail Hopkins POA | 1112400006 | $3,664.00 | $2,807.52 | $6,471.52 |
| 13.A | Rhinehart Farms Inc., c/o Charles Rhinehart | 1112400003 | | | |
| 13.B | Rhinehart Farms Inc., c/o Charles Rhinehart | 1112300002 | $8,737.00 | $6,694.68 | $15,431.68 |
| 14.A | Eby Land Company, c/o William and Karen Eby | 1112100007 | | | |
| 14.B | Eby Land Company, c/o William and Karen Eby | 1112100005 | | | |
| 14.C | Eby Land Company, c/o William and Karen Eby | 1112100001 | $27,000.00 | $20,688.61 | $47,688.61 |
| 16 | Wilma J. Pollard Revocable Trust | 1102476003 | $3,442.50 | $2,637.80 | $6,080.30 |
| 47.A | Midwest Oil Seed, Inc. | 0734200006 | | | |
| 47.B | Midwest Oil Seed, Inc. | 0727300005 | | | |
| 47.C | Midwest Oil Seed, Inc. | 0727300002 | | | |
| 47.D | Midwest Oil Seed, Inc. | 0727100006 | | | |
| 47.E | Midwest Oil Seed, Inc. | 0727100007 | | | |
| 47.F | Midwest Oil Seed, Inc. | 0727100001 | | | |
| 47.G | Midwest Oil Seed, Inc. | 0728200006 | | | |
| 47.H | Midwest Oil Seed, Inc. | 0728200007 | | | |
| 47.I | Midwest Oil Seed, Inc. | 0721400003 | | | |
| 47.K | Midwest Oil Seed, Inc. | 0601200003 | $108,000.00 | $82,754.42 | $190,754.42 |
| 47.L | Midwest Oil Seed, Inc. | 0236400004 | | | |
| 47.M | Midwest Oil Seed, Inc. | 0236400002 | | | |
| 47.N | Midwest Oil Seed, Inc. | 0225300005 | | | |
| 47.O | Midwest Oil Seed, Inc. | 0225300003 | $46,322.00 | $35,493.99 | $81,815.99 |
| 48 | Royer Family Farm Partnership | 0727400002 | $1,842.50 | $1,411.81 | $3,254.31 |
| 49 | Richard and Florence DeBoest Revocable Trust | 0727300001 | $1,240.00 | $950.14 | $2,190.14 |
| 50.A | Elsie Rittgers and John Rittgers Trust | 0721100013 | | | |
| 50.B | Elsie Rittgers and John Rittgers Trust | 0721100011 | | | |
| 50.C | Elsie Rittgers and John Rittgers Trust | 0721100010 | $18,138.17 | $13,898.28 | $32,036.45 |
| 51.A | Stine Seed Farm Inc. | 0721200003 | | | |
| 51.B | Stine Seed Farm Inc. | 0716300004 | | | |
| 51.C | Stine Seed Farm Inc. | 0717400002 | | | |
| 51.D | Stine Seed Farm Inc. | 0717200003 | | | |
| 51.E | Stine Seed Farm Inc. | 0717200001 | | | |
| 51.F | Stine Seed Farm Inc. | 0223300004 | $53,317.96 | $40,854.60 | $94,172.56 |
| 52 | Minburn Properties | 0721100009 | $4,500.00 | $3,448.10 | $7,948.10 |
| 53 | Linda Graham | 0717100004 | $13,425.50 | $10,287.22 | $23,712.72 |
| 55.A | Robert Paul Purviance Trust & Helen Gladys Purviance | 0708300004 | | | |
| 55.C | Robert Paul Purviance Trust & Helen Gladys Purviance | 0708300002 | | | |
| 55.D | Robert Paul Purviance Trust & Helen Gladys Purviance | 0708300006 | $26,531.00 | $20,329.24 | $46,860.24 |
| 68.A | Mark and Beth Erb | 0707226001 | | | |
| 68.C | Mark and Beth Erb | 0706400006 | | | |

| Claim # | Name | Parcel ID Number | Settled Land Value | Total Interest | Total Payment |
|---|---|---|---|---|---|
| 68.D | Mark and Beth Erb | 0706400001 | $6,897.00 | $5,284.79 | $12,181.79 |
| 69.A | William H. Burkett | 0706100004 | | | |
| 69.B | William H. Burkett | 0706100003 | | | |
| 69.C | William H. Burkett | 0706100001 | $55,615.00 | $42,614.70 | $98,229.70 |
| 70 | Wasser, Marilyn C & J Dean Trustees of the Marilyn C Wasser Revocable Trust | 0236400001 | $17,654.00 | $13,527.28 | $31,181.28 |
| 71 | Vivian F. Birdsall Estate | 0236200003 | $19,369.00 | $14,841.39 | $34,210.39 |
| 72.A | Harriet L. Schnoor Revocable Trust | 0236100004 | | | |
| 72.B | Harriet L. Schnoor Revocable Trust | 0236100002 | $25,274.50 | $19,366.45 | $44,640.95 |
| 76.A | F. William Beckwith | 0226200005 | | | |
| 76.B | F. William Beckwith | 0226200006 | | | |
| 76.D | F. William Beckwith | 0223300005 | $22,831.00 | $17,494.13 | $40,325.13 |
| 78 | Dave and Sue Roush, Helen McLean and Edna Young | 0223400004 | $2,606.00 | $1,996.83 | $4,602.83 |
| 79.A | Eden Enterprise Inc., c/o Harry Stine | 0223300001 | | | |
| 79.B | Eden Enterprise Inc., c/o Harry Stine | 0223100007 | $6,345.00 | $4,861.82 | $11,206.82 |
| 81.A | Margaret Rowe | 0223100004 | | | |
| 81.B | Margaret Rowe | 0223100001 | $4,466.00 | $3,422.05 | $7,888.05 |
| 84.A | Doris V Bender Revocable Trust | 0215400009 | | | |
| 84.B | Doris V Bender Revocable Trust | 0215400003 | $5,339.00 | $4,090.98 | $9,429.98 |
| 85 | Jerry and Vicki Lage | 0215400010 | $1,840.00 | $1,409.89 | $3,249.89 |
| | | | $561,037.13 | $429,891.71 | $990,928.84 |