# In the United States Court of Federal Claims

No. 09-241L
(Filed: August 25, 2017)
NOT FOR PUBLICATION

| | | |
|---|---|---|
| | ) | |
| STEVEN JENKINS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Rails to Trails; Class Action; Final |
| v. | ) | Approval of Settlement Agreement |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER GRANTING FINAL APPROVAL OF PROPOSED
## CLASS ACTION SETTLEMENT

Pending before the court in this rails-to-trails class action is the parties' request for final approval of a proposed settlement for the one remaining claimant in this case pursuant to Rule 23(e) of the Rules of the Court of Federal Claims ("RCFC"). A settlement agreement for the other 26 class members was approved on April 26, 2017 (ECF No. 250). Based upon a review of the parties' proposed class action settlement for the remaining plaintiff, and for the reasons below, the parties' request for final approval of the proposed settlement is **GRANTED**.

## I.    BACKGROUND AND PROCEDURAL HISTORY

This case arises from the conversion of a railroad corridor in Dallas County, Iowa to a recreational trail. In *Jenkins v. United States*, 104 Fed. Cl. 641 (2009), the court granted plaintiffs' motion to certify the class (ECF No. 23, filed Nov. 13, 2009). Following this court's determination of liability and a trial on compensation, the Federal Circuit found that the appraiser should have taken into account the physical remnants of the railroad when determining the value of each landowner's property before the taking occurred. *See Rasmuson v. United States*, 807 F.3d 1343, 1344 (Fed. Cir. 2015). On remand, the parties determined that the Federal Circuit's decision potentially affected 27 class members. On April 26, 2017, the court divided the certified class into two subclasses for settlement purposes (ECF No. 249) and approved the parties' proposed settlement for the 26 plaintiffs in Subclass I (ECF No. 250). The court entered judgment for the 26 members of Subclass I on April 28, 2017 (ECF No. 251). The parties now propose to settle this case for Subclass II, which consists of the one remaining class member: the Ronald K. Bender Revocable Trust.

The parties state that on remand, they proposed adjustments to the appraisal values intended to reflect the physical condition of the railroad corridor.  After the parties were not able to reach agreement as to the Subclass II property, the parties had new appraisals performed based on the Federal Circuit's ruling.  The parties exchanged the new appraisal reports, conducted settlement negotiations, and were able to reach a compromise settlement between the appraised values (ECF No. 257).

The parties' proposed settlement for Subclass II was filed with the court on June 26, 2017 (ECF No. 258).  Under the proposed settlement, the Subclass II plaintiff would receive $13,416.50 in principal, interest of $10,410.96 through June 1, 2017, and additional interest beyond June 1, 2017 at the daily rate of $2.24 until the date of payment.  In addition, the parties have agreed on statutory attorneys' fees and costs of $36,659.57, consisting of $29,130.00 in fees and $7,529.27 in costs, pursuant to the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4654(c) ("URA").

On July 10, 2017, the court granted preliminary approval of the proposed settlement and notice plan and scheduled a public fairness hearing (ECF No. 260).  Class counsel mailed the approved notice to the Subclass II plaintiff on July 14, 2017 (ECF No. 261).  The class member responded on July 20, 2017 that the class member approved of the settlement (ECF No. 262-1).  The class member did not provide any comments or request to participate or speak at the fairness hearing.  The fairness hearing was held on August 25, 2017.  The Subclass II plaintiff did not participate or speak at the August 25, 2017 fairness hearing.

## II.     DISCUSSION

Under RCFC 23(e), "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval."  The court may approve a proposed settlement "only after a hearing and on finding that it is fair, reasonable, and adequate."  RCFC 23(e)(2); *see also Haggart v. Woodley*, 809 F.3d 1336, 1348-49 (Fed. Cir. 2016), *cert. denied*, 136 S. Ct. 2509 (2016).  The court has discretion to accept or reject a proposed settlement, but it may not alter the proposed settlement, nor may it decide the merits of the case or resolve unsettled legal questions. *Adams v. United States*, 107 Fed. Cl. 74, 75-76 (2012) (citations omitted).  There is no definitive list of factors that the court must apply in considering a class action settlement. *Raulerson v. United States*, 108 Fed. Cl. 675, 677 (2013).  However, in determining whether a settlement agreement is "fair, reasonable, and adequate," courts have found the following factors instructive:

1. The relative strengths of plaintiff's case compared to the proposed settlement;

2. The recommendation of the counsel for the class regarding the proposed settlement, taking into account the adequacy of class counsel's representation of the class;

3. The reaction of the class members to the proposed settlement, taking into account the adequacy of notice to the class members of the settlement terms;

4. The fairness of the settlement to the entire class;

5. The fairness of the provision for attorney fees; and

6. The ability of the defendants to withstand a greater judgment, taking into account whether the defendant is a governmental actor or private entity.

*E.g.*, *Sabo v. United States*, 102 Fed. Cl. 619, 627 (2011) (quotation marks and citation omitted).

As discussed in the court's July 10, 2017 order granting preliminary approval of the proposed settlement agreement (ECF No. 241), the court does not find any evidence of collusive activity or other deficiencies in the proposed settlement. In reaching the proposed settlement agreement on remand the parties performed new appraisals of the fair market value of class member's property interests for the alleged taking and conducted negotiations indicating no collusive activity or other deficiencies. In addition, the Subclass II plaintiff responded on July 20, 2017 expressly approving of the settlement (ECF No. 262-1). The class member did not provide any comments or request to participate or speak at the fairness hearing, and did not participate or speak at the August 25, 2017 fairness hearing. Further, the court finds that the proposed attorneys' fees and costs to be paid pursuant to the URA are fair, reasonable, and consistent with the Federal Circuit's decision in *Haggart*, 809 F.3d at 1359.

In view of the foregoing, the court finds that the parties' settlement agreement is fair, reasonable, and adequate and warrants approval.

## III.   CONCLUSION

For the reasons above, the parties' proposed settlement agreement for the Subclass II plaintiff is **APPROVED**. The clerk is directed to enter judgment for the Ronald K. Bender Revocable Trust in the amounts of $13,416.50 in principal and $10,410.96 in interest through June 1, 2017. Interest shall be payable at a daily rate of $2.24, beginning on June 2, 2017, until the date the judgment is paid. In addition, the clerk is directed to enter judgment for the Subclass II plaintiff in the amount of $36,659.57 for attorneys' fees and costs pursuant to the URA.

**IT IS SO ORDERED.**

s/Nancy B. Firestone
NANCY B. FIRESTONE
Senior Judge